[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 124.]

LOGSDON ET AL., APPELLANTS, *v*. NICHOLS, APPELLEE.

[Cite as *Logsdon v. Nichols*, 1995-Ohio-225.]

*Courts—Jurisdiction when plaintiff dismisses complaint—Vacation of dismissal—*
*Civ.R. 41.*

(No. 94-363—Submitted March 22, 1995—Decided May 3, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-1025.

———————————

*Russell D. Finneran* and *Robert C. Paxton II*, for appellants.

*Enz, Jones & LeGrand*, *Grey W. Jones* and *Robert F. Gage*, for appellee.

———————————

{¶ 1} The judgment is affirmed for the reasons stated by the court of appeals in its opinion rendered on December 16, 1993, which we adopt and attach as an appendix to this entry.

MOYER, C.J., DOUGLAS, RESNICK and SWEENEY, JJ., concur.

WRIGHT, PFEIFER and COOK, JJ., concur in part and dissent in part.

———————————

APPENDIX

**PEGGY BRYANT, Presiding Judge.**

{¶ 2} Plaintiffs-appellants, Kathleen Logsdon and James P. Logsdon, appeal from a judgment of the Franklin County Court of Common Pleas dismissing their complaint with prejudice under Civ.R. 41(B) for failure to prosecute.

{¶ 3} Plaintiffs' complaint, refiled after previous dismissals, details the prior history of plaintiffs' claims by alleging that the action was originally filed against defendant-appellee, Julia Z. Nichols, on February 19, 1986; however, "in the face of adverse orders" an entry of dismissal pursuant to Civ.R. 41(B)(1) and (3) was

filed with the clerk of courts on April 28, 1989. The action was refiled on April 20, 1990, but was dismissed pursuant to Civ.R. 41(A)(1)(a) on May 16, 1991.

{¶ 4} On May 15, 1992, plaintiffs filed the present complaint, alleging that on or about February 22, 1984, defendant "wantonly or recklessly, or negligently" drove an automobile into the rear of an automobile owned and operated by plaintiff, Kathleen Logsdon. Plaintiff, James P. Logsdon, alleged that he incurred medical expense and the loss of services and consortium of Kathleen Logsdon as a result of defendant's actions.

{¶ 5} Following defendant's answer and a determination of defendant's motion for costs under Civ.R. 41(B), the case was scheduled for trial for May 25, 1993. On May 21, 1993, an entry was filed entitled; "Dismissal Without Prejudice," which stated:

"At Plaintiffs' request, *** Plaintiffs' complaint is hereby voluntarily dismissed without prejudice pursuant to Ohio Civil Rule 41(A)(2) other than upon the merits and without prejudice to Plaintiffs' right to refile their Complaint under the Ohio Savings Statute and the Ohio Rules of Civil Procedure."

{¶ 6} The entry is signed by the trial judge, and bears two time stamps, 2:32 p.m. and 2:53 p.m.

{¶ 7} On the same day a second entry was filed, signed by the trial judge and bearing a time stamp of 4:41 p.m. Pursuant to the entry, the trial court *sua sponte* withdrew its approval of the "Dismissal Without Prejudice," stating:

"Since the [prior] entry is pursuant to Civ.R. 41(A)(2), a motion is required to be made to the Court with notice to opposing counsel and an opportunity for opposing counsel to respond. This was not done in this case; therefore, the entry was signed *ex parte* and without notice.

"Given the procedural incorrectness of said entry, the 'Dismissal Without Prejudice' entry filed May 21, 1993 at 2:53 p.m. is hereby VACATED AND HELD FOR NAUGHT."

**{¶ 8}** Pursuant to a status conference on May 24, 1993, the trial date of May 25 was vacated and rescheduled for June 21, 1993. The trial court specifically noted that no further continuances would be allowed.

**{¶ 9}** On June 22, 1993, an entry of dismissal was filed, noting that although counsel for defendant was ready to proceed with trial on June 21, neither plaintiffs nor counsel for plaintiffs appeared; that plaintiffs had failed to prosecute the action, and thus the matter was dismissed with prejudice.

**{¶ 10}** Plaintiffs appeal therefrom, assigning the following errors:

"I. When a trial court unconditionally dismisses a case under Civil Rule 41(A), the court patently and unambiguously lacks any further jurisdiction over the matter and may not take further action in the case.

"II. The dismissal of a case with prejudice is a harsh remedy and, before such a dismissal is proper, a court must first expressly and unambiguously give notice of its intention to dismiss with prejudice giving the party one last chance to obey the court's order.

"III. A trial court may not announce its decisions and enter judgment by a single writing; the Civil Rules require that the decision be announced to the parties first and then a judgment entered pursuant thereto.

"IV. Once a trial court dismisses an action without prejudice, it has no authority to assume further jurisdiction in the action and may not reinstate the matter under the provisions of Civ.R. 60(A)."

**{¶ 11}** Plaintiffs' first and fourth assignments of error are interrelated and will be addressed jointly.

**{¶ 12}** Civ.R. 41 governs the dismissal of actions, with Civ.R. 41(A) pertaining to voluntary dismissals, while Civ.R. 41(B) applies to involuntary dismissals. Civ.R. 41(A) provides two bases for voluntary dismissal: by plaintiff under Civ.R. 41(A)(1) and by order of the court under Civ.R. 41(A)(2). Under Civ.R. 41(A)(1), a plaintiff may dismiss an action without order of the court by

filing a notice of dismissal at any time before commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant. However, if a plaintiff who has once dismissed an action based on or including the same claim again dismisses under Civ.R. 41(A)(1)(a), the notice of dismissal operates as an adjudication upon the merits and bars refiling of the claim. Unlike Civ.R. 41(A)(1), Civ.R. 41(A)(2) provides that an action shall not be dismissed at plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper.[1]

{¶ 13} The issue raised under plaintiffs' first and fourth assignments of error is the jurisdiction of the trial court *sua sponte* to vacate the "Dismissal Without Prejudice" and reschedule this matter for trial.

{¶ 14} Once plaintiffs file a notice of dismissal, no action remains pending before the court, and generally the court is without jurisdiction to modify the dismissal. *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 586 N.E.2d 107. Even so, there is authority that court action subsequent to dismissal may fall within the court's continuing jurisdiction. *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359; see, also, *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214.

{¶ 15} The present case involves a dismissal under Civ.R. 41(A)(2). Given the need for trial court action in order to effect the dismissal under Civ.R. 41(A)(2), the opposing party to the action is entitled to be heard on the motion. Failure to afford that opportunity can be reversible error. See *Thompson*, *supra*. Plaintiffs presented their "Dismissal Without Prejudice" to the trial court *ex parte*; the trial

---

1. Plaintiffs herein had previously dismissed their claims against defendant pursuant to Civ.R. 41(A)(1)(a). In order to preserve their rights to refile their claims, they were required to obtain dismissal of the present case by order of the court under Civ.R. 41(A)(2). While the trial court's entry suggests that the "Dismissal Without Prejudice" was represented to be a Civ.R. 41(A)(1) dismissal, such a dismissal would not require action by the court. Plaintiffs' need to obtain the trial court's signature in order to dismiss the case was a signal to the trial court that the action was not being dismissed pursuant to Civ.R. 41(A)(1), but under Civ.R. 41(A)(2).

court granted it *ex parte*. Apparently recognizing the error in so doing, the trial court, on its own, corrected that which would have been subject to reversal on appeal. To accept plaintiffs' contentions would mean that the trial court was without jurisdiction, upon discerning reversible error in the proceedings, to correct the error; that instead it had to allow the matter to be appealed, reversed, and remanded to accomplish that which the trial court perceives is necessary.

{¶ 16} Indeed, on a prior occasion, this court rejected similar contentions. In *Andy Estates Dev. Corp. v. Bridal* (1991), 68 Ohio App.3d 455, 588 N.E.2d 978, we determined that the trial court had jurisdiction to consider a Civ.R. 60(B) motion filed by a plaintiff who mistakenly filed a voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a), despite an earlier dismissal under that rule. Therein we noted the Sixth Circuit's decision in *Hinsdale v. Farmer's Natl. Bank & Trust Co.* (C.A.6, 1987), 823 F.2d 993, finding that a party's unconditional dismissal with prejudice terminated the trial court's jurisdiction except "*** for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)." *Id.* at 995-996. Thus, the trial court retains, at least in some instances, the jurisdiction to deal with a dismissal entry improperly filed. Given the trial court's reason for vacating the "Dismissal Without Prejudice," as well as the fact that the dismissal occurred not by plaintiffs' action under Civ.R. 41(A)(1), but the court's action under Civ.R. 41(A)(2), the trial court retained the jurisdiction to *sua sponte* vacate its erroneously entered dismissal.

{¶ 17} Despite the foregoing, plaintiffs rely heavily on *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100, to support their contentions that the trial court "patently and unambiguously" lacked jurisdiction to consider vacating the "Dismissal Without Prejudice." *McGrath*, however, is distinguishable. The trial court therein dismissed a complaint based on *res judicata*; the court of appeals affirmed. Thereafter, the trial court found Rice in contempt and directed Rice to take corrective action. Rice filed a complaint for a writ of prohibition

directing the court to "prevent McGrath from taking further action other than vacating the contempt order." While the court of appeals found an adequate remedy at law by way of appeal, the Supreme Court disagreed, finding that the trial judge lacked jurisdiction once he unconditionally dismissed the underlying case. Unlike *McGrath*, the trial judge herein did not attempt to take further action on the merits of the dismissed case, but instead corrected reversible error by vacating the dismissal entry. See *Andy Estates*, *supra*.

{¶ 18} Similarly, *State ex rel. Hancock v. Rees* (Nov. 24, 1992), Franklin App. No. 92AP-576, unreported, is distinguishable. In that case, the trial judge had dismissed plaintiff's complaint without prejudice pursuant to Civ.R. 41(B)(1) and (3), due to plaintiff's failure to respond to pending discovery. Thereafter, defendant asked that the entries be set aside and that new dismissal entries be journalized reflecting dismissals with prejudice. A new trial judge had replaced the original trial judge, and the new judge partially ruled on the motions. We granted a writ of prohibition prohibiting the trial judge from ruling on the subsequent motion after the case had been dismissed. In that instance, however, the trial court was attempting to amend, on defendant's prompting, an entry in an action previously dismissed against plaintiffs. By contrast, the trial judge herein, within hours, vacated the prior dismissal entry, not changed it, due to reversible error.

{¶ 19} Finally, having vacated the "Dismissal Without Prejudice," the trial court properly could consider the merits of plaintiffs' motion. Had the trial court been inclined to grant the motion, the trial court would have been required to offer defendant the opportunity to be heard. However, having determined that plaintiffs' request for a dismissal under Civ.R. 41(A)(2) lacked merit, the trial court did not err in overruling the motion without defendant's participation.

{¶ 20} Given the foregoing, plaintiffs' first and fourth assignments of error are overruled.

6

**{¶ 21}** Plaintiffs' second assignment of error challenges the trial court's dismissal of their case with prejudice; plaintiffs assert that the trial court first must give notice of its intention to dismiss with prejudice under Civ.R. 41(B).

**{¶ 22}** Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, "[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date ***." McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. The purpose of notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." *Id.* at 357; *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 2 OBR 182, 441 N.E.2d 299. Notice allows the dismissed party to explain the circumstances causing his or her nonappearance. McCormac, *supra*, at 357.

**{¶ 23}** The record discloses no notice to plaintiffs' counsel or to plaintiffs that the action was subject to dismissal with prejudice. Accordingly, the trial court erred in failing to provide prior notice before dismissing plaintiffs' action with prejudice. Plaintiffs' second assignment of error is sustained.

**{¶ 24}** Plaintiffs' third assignment of error asserts that the trial court erred in combining its decision and judgment into a single document; and that the Civil Rules require that a decision first be announced, and then a separate judgment entry be filed. Plaintiffs contend that the error is prejudicial because the trial court's failure to announce its decision separately from its entry precluded plaintiffs from pointing out the trial court's failure to provide the required notice under Civ.R. 41(B)(1) or to address the jurisdictional argument raised in this appeal. Given our disposition of the other assignments of error, any error in the trial court's failing to enter decision and judgment by separate documents is not prejudicial. Plaintiffs' third assignment of error is overruled.

**{¶ 25}** Having overruled plaintiffs' first, third and fourth assignments of error, but having sustained their second assignment of error, we reverse the judgment of the trial court and remand this matter to the trial court for the limited purpose of providing plaintiffs with notice of the court's intention to dismiss plaintiffs' action with prejudice under Civ.R. 41(B), with the resulting opportunity for plaintiffs to explain their absence from trial and to address the dismissal with prejudice; the trial court may then determine whether plaintiffs have provided any reasons which would make dismissal with prejudice inappropriate. Accordingly, the matter is remanded to the trial court for further proceedings herewith.

*Judgment reversed*

*and cause remanded.*

TYACK and DESHLER, JJ., concur.

_____

COOK, J., concurring in part and dissenting in part.

**{¶ 26}** This rear-end collision case has a shameful procedural history that spans more than nine years due to, in my view, plainly dilatory tactics by plaintiffs' counsel.

**{¶ 27}** I concur with the adoption of the court of appeals' opinion except in one respect. I would find that the Civ. R. 41(B)(1) notice requirement is satisfied where, as here, plaintiffs' counsel acknowledged notice of the trial date, but advised the court that he would not appear of his own volition. The notice required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances. *Heard v. Sharp* (1988), 50 Ohio App.3d 34, 35, 552 N.E.2d 665, 666; *Heslop, Inc. v. Stoffer* (Apr. 22, 1992), Summit App. No. 15258, unreported. Where, as in this case, a party has received notice that the case has been set for trial, the party has impliedly received notice that the case can be dismissed for lack of prosecution if the notice is disregarded. *Heslop*, *supra*; *Wayne Riggs Constr., Inc. v. Botnick Bldg. Co.* (Apr. 20, 1988), Summit App. No. 13277, unreported.

Furthermore, our judicial system is based on the orderly resolution of cases within an established time frame. *Heslop*, *supra*. When the time frame set by a court is ignored, the court has the authority to dismiss the case. *Id.*; *Lloyd's Rentals v. Gault* (Sept. 23, 1992), Summit App. No. 15525, unreported.

{¶ 28} For the foregoing reasons, I dissent in part.

WRIGHT and PFEIFER, JJ., concur in the foregoing opinion.

————————————