OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which dismissed plaintiff-appellant Brenda Kurth's negligence claim against the Toledo Hospital for Kurth's failure to comply with discovery orders. From that judgment, appellant raises the following assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE SECOND MOTION TO DISMISS FILED BY THE TOLEDO HOSPITAL.
 "A. THE TRIAL COURT FAILED TO CHOOSE AN APPROPRIATE SANCTION UNDER THE TOTALITY OF THE CIRCUMSTANCES SURROUNDING DISCOVERY AND ABUSED ITS DISCRETION."
On April 14, 1997, Kurth filed a complaint against appellee the Toledo Hospital alleging that as a result of the hospital's negligence, Kurth slipped and fell on a clear plastic bag while she was a patient in the hospital. Appellee duly filed its answer and on June 18, 1997, filed with the court proof of service of its first set of interrogatories and requests for production of documents which appellee certified had been served on appellant's attorney.
On March 13, 1998, appellee filed a motion to compel discovery in which it asserted that, despite correspondence with appellant's counsel and discussions with counsel at a March 6, 1998 pre-trial, it had not yet received any of the requested medical records or the authorizations for release of medical records which it had requested in its June 18, 1997 first set of interrogatories and requests for production of documents. The trial court granted the motion to compel on March 17, 1998, ordering appellant to provide complete answers to the interrogatories and requests for production of documents on or before April 3, 1998. The judgment further ordered appellant to provide appellee with the medical, hospital and/or therapy records previously requested, including records from Doctors Horowitz, Orrechio and Carlson, Flower Hospital, and any information supporting a claim of medical expenses incurred on, or before April 3, 1998. Appellant did not comply.
Thereafter, on April 6, 1998, appellee filed a motion to dismiss pursuant to Civ.R. 37(B). Appellee asserted that despite the court's order granting the motion to compel, appellant only provided a medical authorization allowing her own attorney access to her medical records. Appellee supported the motion with copies of correspondence between its counsel and counsel for appellant. From that correspondence, it is apparent that there was a discrepancy between the authorizations submitted to appellant for signature and the medical records regarding appellant's date of birth. Appellant listed her date of birth as July 18, 1950 but medical records listed her date of birth as June 17, 1949. This discrepancy was evidently causing the problem in appellee's ability to access appellant's medical records.
On May 15, 1998, appellant filed a memorandum in opposition to the motion to dismiss. Appellant asserted that the medical authorization previously submitted to appellee contained a typographical error which mistakenly authorized appellant's counsel rather than appellee's counsel to obtain the requested records. Appellant further claimed that she executed the original releases at her December 1, 1997 deposition but that the releases, provided by appellee, contained inaccurate information and that she signed them, providing her date of birth and social security number, in good faith. Appellee responded with a reply memorandum in which it asserted that appellant had still not submitted her answers to interrogatories. Appellee further argued that the releases submitted to appellant for signature were not inaccurate until appellant signed them with a date of birth that conflicted with her date of birth listed on the medical records and that appellant's counsel had been notified of the inaccuracy through correspondence dated January 26, 1998. Finally, appellee asserted that once appellant had been notified of the inaccuracy she made no attempt to remedy the situation.
On June 18, 1998, the lower court filed an opinion and judgment entry denying the motion to dismiss. In so ruling, however, the court ordered:
 "* * * that Plaintiff shall provide complete answers to the Interrogatories and Requests for Production propounded by Defendant, The Toledo Hospital, and that Plaintiff shall make available medical records from Drs. Horowitz, Orrechio and Carlson, Flower Hospital, and any other information supporting a claim of medical expenses within Thirty (30) days of this order or Plaintiff's claims shall face dismissal." (Emphasis added.)
Appellant did not comply, and on July 30, 1998, appellee filed its second motion to dismiss for appellant's failure to respond to discovery requests. On August 14, 1998, appellant filed a motion for extension of time to respond to appellee's motion to dismiss. The court granted the extension and ordered appellant to respond by September 10, 1998. Appellant did not file her response, and on September 21, 1998, the trial court filed an opinion and order granting appellee's motion to dismiss. The court stated that appellant had been given ample opportunity to respond to the order to compel and had been given actual notice of the possibility of dismissal if she failed to comply. Therefore, pursuant to Civ.R's. 37(B) and 41(B), the court dismissed the complaint. It is from that judgment that appellant now appeals.
In her sole assignment of error, appellant asserts that the trial court chose an inappropriate sanction and abused its discretion in granting appellee's motion to dismiss. In particular, she asserts that in good faith she made efforts to comply with the discovery order and that those efforts were ignored by the trial court.
The trial court dismissed appellant's case pursuant to Civ.R's. 37(B) and 41(B). Civ.R. 37(B) provides in relevant part:
 "(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
"* * *
 "(c) An order * * * dismissing the action or proceeding or any part thereof * * *."
Similarly, Civ.R. 41(B)(1) provides that where a plaintiff fails to comply with the Civil Rules or any court order "the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
The decision to dismiss a case under either Civ.R. 37(B)(2) or Civ.R. 41(B)(1) is matter within the trial court's discretion.Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,47-48. Thus, we are limited to determining whether the trial court abused that discretion. Id. at 47. An abuse of discretion is more than an error of law or judgment; it implies that a court's attitude in reaching its judgment was arbitrary, unreasonable or unconscionable. Id. "Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 [or Civ.R. 41] is appropriate is the tenet that `disposition of cases on their merits is favored in the law.'" Id.
at 48 quoting Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371. Although dismissals with prejudice are given heightened scrutiny, appellate courts should not hesitate to affirm the dismissal of an action when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Id., quoting Tokles Son, Inc. v.Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632.
We recognize that the trial court's dismissal of appellant's case was an extremely harsh sanction for her failure to comply with the discovery orders. Nevertheless, we cannot say, under the circumstances of this case, that the trial court abused its discretion in ruling as it did. Appellant was notified on June 18, 1997 of what she would be required to produce by way of discovery. When appellant did not comply with the discovery request, the trial court granted appellee's motion to compel and ordered appellant to comply by April 3, 1998. When appellant again failed to comply, the trial court denied appellee's first motion to dismiss and ordered appellant to comply by July 18, 1998. In that order the court notified appellant pursuant to Civ.R. 41(B) that if she failed to comply her case would be dismissed. "The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357. When appellant failed to comply with that order, and appellee filed its second motion to dismiss, the court granted appellant an extension to reply to the motion and explain her default. The court ordered appellant to file her reply by September 10, 1998. Appellant failed to do so. Accordingly, on September 21, 1998, when the court still had not received a response from appellant, it dismissed the case. The trial court's docket sheet reveals that appellant finally filed her response on September 23, 1998; however, because it was filed after the dismissal, the response is not in the record on appeal.
Appellant contends that the record establishes her good faith effort to comply and refers to the appendix to her brief in support. In particular, she refers to a letter in that appendix as evidence of her effort. That letter, however, is not in the trial court's record and, thus, is not properly before this court. As we have so often stated before, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
Given appellant's continued failure to abide by the trial court's discovery orders, apparent failure to correct or determine the source of the discrepancy regarding her birth date, and failure to timely respond to appellee's second motion to dismiss, we must conclude that the trial court did not abuse its discretion in dismissing appellant's complaint. The sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 James R. Sherck, J., Richard W. Knepper, J., MarkL. Pietrykowski, J., concur.