ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. Plaintiff appeals from the dismissal of his complaint, with prejudice, for failure to prosecute and from the denial of his motion for relief from judgment pursuant to Civ.R. 60(B). He asserts that the court erred and abused its discretion in both rulings.
The complaint in this case claimed plaintiff was injured in a fall from the defendant's roof as a result of defendant's negligence. The case was called for trial on April 17, 2000; a jury was sworn, and plaintiff began to present his case. At the conclusion of the day's proceedings, the court instructed the jury to return at 8:30 a.m. the next day.
On the following day, at 8:55 a.m., the court noted on the record that neither appellant nor his attorney had appeared although the jury, appellee's representative and appellee's attorney were all present. The court stated, I have no choice at this time but to dismiss this case for failure to prosecute. The court then entered judgment as follows:
 On trial. Neither [plaintiff] nor counsel appeared. This matter is hereby dismissed for failure to prosecute pursuant to Civil Rule 41(B)(1).
Final.
The court indicated on the form order that the case was dismissed with prejudice. The court denied plaintiff's motion for relief from judgment.
The court erred by dismissing the case without affording prior notice to appellant and providing him with an opportunity to respond, as required by Civ.R. 41(B)(1). Logsdon v. Nichols (1995), 72 Ohio St.3d 124,128-29. We therefore reverse and remand to the common pleas court for the limited purpose of (a) providing appellant with notice of the court's intention to dismiss with prejudice pursuant to Civ.R. 41(B), and (b) allowing appellant and his counsel the opportunity to explain their absence from trial and to address the question of dismissal for failure to prosecute. After appellant has been given notice and an opportunity to respond, the trial court may determine whether appellant's stated reasons would make dismissal inappropriate.
Our disposition of the first assignment of error renders moot the second assignment of error concerning the denial of appellant's motion to vacate.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and JAMES J. SWEENEY, J. CONCUR