OPINION
Plaintiffs-appellants Deward and Linda Watts appeal from the July 19, 2001 and July 30, 2001 Journal Entries of the Muskingum County Court.
 STATEMENT OF THE FACTS AND CASE
On June 21, 2001, appellants filed a "Petition for Forcible Entry and Detainer and Complaint for Damages" against appellees Fred and Cindy Rogers in the Muskingum County Court. Appellees, on June 28, 2001, were served with a summons ordering them to appear on July 10, 2001 at 9:00 a.m. "to answer unto Deward Linda Watts an action for FORCIBLE ENTRY detention . . ."
Thereafter, as memorialized in a Journal Entry filed on July 19, 2001, the trial court dismissed appellants' case stating, in its entry, as follows: "This matter came on for consideration on 7-10-2001. The defendant being present. Plaintiff and Plaintiff's attorney were not present. Case is dismissed with prejudice." On July 24, 2001, appellants filed a Motion for Reconsideration and/or Motion to Vacate Judgment arguing (1) that neither appellants nor their counsel received notice of the July 10, 2001 hearing date, (2) that Civ.R. 41(B)(1) provides for a dismissal based on failure to prosecute only after notice to a plaintiff's counsel, and (3) that, assuming dismissal was appropriate, only the restitution portion of appellants' complaint have been dismissed — not appellants' claim for damages. Pursuant to a Journal Entry filed on July 30, 2001, the trial court denied appellants' motion.
It is from the trial court's July 19, 2001, and July 30, 2001, Journal Entries that appellants now prosecute their appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WITH PREJUDICE WITHOUT NOTICE TO PLAINTIFFS OR THEIR COUNSEL.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Appellants, in their sole assignment of error, argue that the trial court erred in dismissing their complaint with prejudice without notice to appellants or their counsel. We agree.
The trial court clearly dismissed this matter pursuant to 41(B)(1), which provides as follows:
(B) Involuntary dismissal:
effect thereof
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
 In the case of Logsdon v. Nichols (1995), 72 Ohio St.3d 124, the Ohio Supreme Court explained the notice requirement for dismissals pursuant to Civ.R. 41(B)(1). The Court, in Logsdon, stated as follows: "Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, `[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *.' McCormac, Ohio Civil Rules Practice (2 Ed.1992) 356-357, Section 13.07. The purpose of notice is to `provide the party in default an opportunity to explain the default or correct it, or to explain why the case should not be dismissed with prejudice.' Id. at 357; Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166
* * *." Logsdon, supra., at 128.
In the case sub judice, appellants' case was dismissed after appellants failed to appear on July 10, 2001. There is nothing in the record indicating that either appellants or their counsel received notice of the July 10, 2001, hearing date. Furthermore, pursuant to Logsden, surpa, the trial court was required to provide appellants or their counsel with the notice required by Civ.R. 41(B)(1) prior to dismissing appellants' complaint with prejudice. The record, however, discloses no such notice.
Appellants' sole assignment of error is, therefore, sustained.
Accordingly, for the foregoing reasons, the judgment of the trial court dismissing this matter for failure to prosecute is vacated. This matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court is reversed and this case is remanded for further proceedings. Costs to appellees.
Hon. Julie Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John Wise, J. concur.