OPINION
{¶ 1} Ann Devine, personal representative of the estate of her deceased son, Eric Devine, appeals from the dismissal of her wrongful death lawsuit against Phi Gamma Delta Fraternity. The lawsuit was occasioned by Eric's tragic death in 1995. This case was previously before this court in Clark App. No. 2001 CA 5, wherein we affirmed the trial court's ruling that Mrs. Devine's claim against International Fraternity of Phi Gamma Delta was time barred. Id., June 22, 2001.
{¶ 2} Mrs. Devine asserts a single assignment of error — cast as a rhetorical question — and three propositions of law as follows:
{¶ 3} "DID THE TRIAL COURT ERR IN DISMISSING THE CASE BASED UPON PRIOR COUNSEL'S FAILURE TO PROVIDE VERIFIED RESPONSES AND AN OFF THE RECORD DISCUSSION WITH THE SAME PRIOR COUNSEL?
{¶ 4} "1. A Court errs when it dismisses a case with prejudice without notice and hearing to determine the willfulness of the violation or with prior notice of its intent to dismiss.
{¶ 5} "2. An unauthorized off the record promise to dismiss for no consideration is nonbinding and cannot form the basis for a court's decision to dismiss an action with prejudice.
{¶ 6} "3. The harsh remedy of dismissal should only be used in the extreme cases where bad faith, wilfulness or fault are clear on the record."
 1.
{¶ 7} The procedural history pertinent to this appeal, as revealedby the record, begins shortly after we disposed of Mrs. Devine's first appeal.
{¶ 8} July 16, 2001: The Fraternity files a motion to compel discovery. The motion seeks an order compelling response to interrogatories and a request for production of documents which were served May 27, 2000. Counsel for the Fraternity relates that he has held off moving to compel and scheduling depositions based on the representation of Mrs. Devine's then counsel, Alfred Weisbrod, that the lawsuit against the Fraternity would be dismissed if the appeal involving the International Fraternity were unsuccessful. That same date, the Fraternity filed a notice of deposition duces tecum scheduling discovery depositions of Mrs. Devine's experts August 1, 2001, and a notice of deposition of Mrs. Devine, James Devine and Danielle Devine on July 31, 2001.
{¶ 9} July 31, 2001: Trial court sustains motion and orders compliance with the Fraternity's discovery requests within fourteen days. Civ.R. 37 sanctions for noncompliance are mentioned. An August 20, 2001 pretrial is scheduled.
{¶ 10} August 16, 2001: Attorney Weisbrod files notice of submission representing he had submitted answers to interrogatories and a response to the Fraternity's document request.
{¶ 11} September 5, 2001: Attorney Weisbrod is permitted to withdraw as counsel and Mrs. Devine is given thirty days to obtain new counsel. A trial date of November 27, 2001 is announced.
{¶ 12} September 21, 2001: Attorney Rex Wolfgang enters his appearance as Mrs. Devine's lawyer.
{¶ 13} September 28, 2001: Mrs. Devine moves to continue trial from November 27, 2001. Although the record does not reflect action on this motion, Mrs. Devine represents in her appellate brief that the trial court agreed to continue the trial to May, 2002.
{¶ 14} December 12, 2001: The Fraternity files its "second motion to compel discovery and for sanctions." (Emphasis ours). Therein, counsel for the Fraternity represented he had received unverified answers to interrogatories and no response to the request for documents. Counsel also represented that requests to depose Mrs. Devine and her witnesses had gone unanswered. Counsel also asserted Mrs. Devine had reneged on her promise to dismiss following the adverse ruling by this court. The Fraternity sought monetary sanctions and further relief as follows:
{¶ 15} "Defendant moves this Court to dismiss this case for lack of prosecution by reason of the Plaintiff's failure to abide by her prior representations regarding the Dismissal of this cause, failure to abide by the Court's Entry ordering responses to discovery and further failing to make appropriate arrangement for depositions."
{¶ 16} That same date, the Fraternity filed a notice of deposition duces tecum, scheduling discovery depositions of Mrs. Devine's experts on January 15, 2002, and a notice of deposition of Mrs. Devine, James Devine and Danielle Devine on January 15.
{¶ 17} December 27, 2001: The Fraternity files a "Deposition of Ann Devine," reflecting a date of July 31, 2001, which reads in its entirety as follows:
{¶ 18} "This is Attorney Bruce Curry (counsel for the Fraternity), speaking by telephone. The court reporter was called for purposes of two notices of deposition which have been marked as Defendant's Exhibits A and B. (The July 16, 2001 notices).
{¶ 19} "Last night prior to the depositions in order to confirm that all noticed witnesses or deponents would be available, I called opposing counsel, Alfred Weisbrod, who informed me that the witnesses would not be showing up for the depositions and furthermore that he was unavailable.
{¶ 20} "During that conversation opposing counsel requested until August 10, 2001 in order to either withdraw from his representation, dismiss the complaint or to commence discovery in earnest. He indicated at that time that he would cooperate with me in scheduling depositions. At no time did I agree to cancel the depositions scheduled today as well as tomorrow, although I did indicate that I would give him further time until the 10th to decide how he wishes to proceed in the case.
{¶ 21} "Because the witnesses for tomorrow's depositions on August 1st are not showing up, I am making the instant record in substitution of actually appearing or calling on that date as well as today."
{¶ 22} January 15, 2002: Mrs. Devine and James Devine are deposed. Mrs. Devine testifies, inter alia, that she did not authorize Attorney Weisbrod to dismiss the lawsuit if the appellate court affirmed the dismissal of the International Fraternity. It also appears that Mrs. Devine furnished some documents to the Fraternity during her deposition.
{¶ 23} January 18, 2002: The trial court sustains the Fraternity's second motion to compel and for sanctions, and dismisses the lawsuit, stating in part:
{¶ 24} "Defendant's (sic) filed a motion to compel discovery in this case on July 16, 2001. The motion was sustained by the Court on July 31, 2001. Plaintiff was Ordered to respond to defendant requests no later than August 14, 2001.
{¶ 25} "Plaintiff has not responded to defendant's request for production of documents, discovery depositions of the plaintiff, decedent's family or the Plaintiff's expert witnesses. Said request have all gone unanswered in spite of this Court's Order.
{¶ 26} "Plaintiff has also reneged on an agreement to dismiss this case in the event she lost her appeal for an order dismissing the International fraternity of Phi Gamma Delta as a party.
{¶ 27} "The Court hereby ORDERS, pursuant to Civil Rule 37 B2(c) (sic) that plaintiff's complaint be DISMISSED, for failure to provide or permit discovery. In addition the Court awards attorney fees in the amount of $500.00 for reasonable expenses and attorney fees incurred by the defendant pursuant to Civil Rule 37 B2(c) (sic).
{¶ 28} "Case dismissed at plaintiff's costs."
{¶ 29} February 6, 2002: The Devine depositions are filed.
{¶ 30} February 11, 2002: Mrs. Devine appeals.
 2.
{¶ 31} The gist of Mrs. Devine's first proposition of law is that the dismissal was error in the absence of the notices required by Civ.R. 55(A) and 41(B)(1). We agree with the Fraternity that Civ.R. 55(A) is inapplicable because Mrs. Devine is not "a party against whom a judgment for affirmative relief is sought." Id. This serves to distinguish this case from Cunningham v. Garruto (1995), 101 Ohio App.3d 656, upon which Mrs. Devine relies in part in support of this proposition.
{¶ 32} Although the Fraternity contends that Civ.R. 41(B)(1) is also inapplicable, we disagree. The Fraternity contends that this dismissal was not "with prejudice" but we think that the rule provides that it was. Civ.R. 41(B)(3) provides:
{¶ 33} "A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."
{¶ 34} Neither of the (B)(4) exceptions applies, and the trial court did not specify that the dismissal was not an adjudication on the merits.
{¶ 35} Having determined that Civ.R. 41(B)(1) applies, the question becomes whether there was compliance. What constitutes compliance with Civ.R. 41(B)(1) has been a controversial issue in the supreme court. See Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, a 4-3 decision that contains this syllabus:
{¶ 36} "For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal."
{¶ 37} The facts of Quonset Hut are remarkably similar to the facts here:
{¶ 38} "Ford sent a letter dated May 1, 1995 to Quonset's counsel indicating that continued failure to respond to the discovery requests would cause Ford to request assistance from the court. On June 2, 1995, Ford sought that assistance by filing a motion to compel discovery. In a judgment entry dated June 23, 1995, the trial court granted the motion to compel discovery and ordered Quonset to respond to Ford's discovery requests within fourteen days from the date of the order. Quonset did not comply with the discovery order.
{¶ 39} "On August 25, 1995, Ford filed a motion seeking an order of contempt and sanctions due to Quonset's continued failure to comply with the discovery order. Among the sanctions Ford sought was dismissal with prejudice pursuant to Civ.R. 37. Quonset filed a motion acknowledging that some sanction was appropriate but requesting the court to deny Ford's motion for dismissal. Counsel for Quonset stated by affidavit that illness had impaired his ability to serve Quonset.
{¶ 40} "In its motion, Quonset stated that it was `offering to mail responses to the Discovery Requests by September 29, 1995.' On September 27, 1995, at which time Quonset still had not complied with the discovery order, the trial court issued an order holding Quonset in contempt.
{¶ 41} "As of October 26, 1995, Quonset had not complied with the order to compel discovery. On that date, the trial court granted Ford's motion for dismissal."
{¶ 42} In upholding the dismissal, the supreme court stated:
{¶ 43} "We turn now to the primary issue in this case, whether Quonset's counsel received the notice due under Civ.R. 41(B)(1). InMindala, this court held that `the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders.' (Emphasis sic.) Mindala, 22 Ohio St.3d at 101, 22 OBR at 135, 488 N.E.2d at 883. This court has recently stated that `[t]he purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128,647 N.E.2d 1361, 1365, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07.
{¶ 44} "The record indicates that Quonset's counsel was on notice that the action could be dismissed. Quonset's counsel was aware that Ford had filed a motion requesting the court to dismiss Quonset's claim with prejudice. In fact, Quonset filed a responsive motion urging that dismissal not be granted. It is apparent that Quonset's counsel was on notice of the possibility of dismissal with prejudice. Nevertheless, the record does not indicate that Quonset or its counsel took any action to comply with the outstanding discovery order.
{¶ 45} "Five days after Quonset's responsive motion, the trial court found Quonset in contempt for failing to comply with the discovery order. A full month after the trial court found Quonset in contempt, Quonset had not complied, even in part, with the discovery order. At that time, the trial court granted Ford's motion to dismiss with prejudice.
{¶ 46} "We hold that for purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. See Logsdon, 72 Ohio St.3d at 129, 647 N.E.2d at 1365-1366
(Cook, J., concurring in part and dissenting in part) (the notice required by Civ.R. 41[B][1] need not be actual but may be implied when reasonable under the circumstances).
{¶ 47} "We turn now to the issue of whether the trial court abused its discretion in dismissing this case with prejudice. Prior to dismissing the case, the trial court issued an order compelling discovery. Quonset did not comply with it. Consequently, the trial court issued an order of contempt. Still, Quonset did not comply with the discovery order.
{¶ 48} "As noted above, the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it. Quonset had notice and ample opportunity to explain its default and/or to correct it. It did not do so. There was no reason for the trial court to expect that one more warning would have prompted Quonset to comply with the discovery order it had ignored for over four months, not to mention the contempt order that had been outstanding for a month.
{¶ 49} "Nothing in the record suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. While the trial court could have expressly notified Quonset that dismissal with prejudice was imminent, its failure to do so was not an abuse of discretion because Quonset was already on implied, if not actual, notice."
{¶ 50} It is clear that the Fraternity's second motion to compel discovery and for sanctions was every bit as effective as Ford's motion in Quonset Hut to put Mrs. Devine on notice that dismissal was a possibility. Mrs. Devine had more than a month to defend against the dismissal, but the record fails to reflect that she did anything to inform the court that the discovery situation was not as bleak as portrayed by the information before the court.
{¶ 51} Although Mrs. Devine and James Devine were deposed on January 15, 2002, nothing of record suggests the trial court was aware of this before it ruled. (The depositions were not filed until February 6, 2002).
{¶ 52} Quonset Hut makes clear that the trial court's ruling on a motion to dismiss is to be assessed on an abuse of discretion standard. Certainly, an abuse of discretion cannot be demonstrated from facts the trial court is not made aware of. While it is true that the Fraternity filed a notice of deposition duces tecum and a notice of deposition December 12, 2001, there is nothing to suggest the trial court was aware of these filings or, if it were, that it would have any confidence that depositions would actually be taken, given the Fraternity's experience with its July 16, 2001 notices, which it had made known to the trial court.
{¶ 53} We find no merit in Mrs. Devine's first proposition of law.
 3.
{¶ 54} We agree with the statement of Mrs. Devine's second proposition of law. We agree with the Fraternity that this record fails to disclose that Attorney Weisbrod's alleged agreement to dismiss — which, if he did so agree, he did not honor — was the basis of the trial court's decision to dismiss. Although the trial court did refer to the alleged agreement, the penultimate paragraph of the dismissal entry makes it abundantly clear that the dismissal was based on Mrs. Devine's failure to provide or permit discovery, i.e., dismissal was ordered pursuant to Civ.R. 37(B)(2)(c).
 4.
{¶ 55} Turning to Mrs. Devine's third proposition of law, the court stated in Quonset Hut:
{¶ 56} "Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when `the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'"
{¶ 57} Much of what Mrs. Devine contends in support of her appeal is simply not a matter of record or has not been demonstrated to have been known by the trial court as of the time it dismissed her lawsuit. Confining ourselves to the record, as we must, we think the trial court could have reasonably concluded that although Mrs. Devine had changed attorneys, nothing else had changed.
{¶ 58} The assignment of error is overruled.
{¶ 59} The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.