DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas which ordered stricken the appellant's voluntary notice of dismissal filed pursuant to Civ.R. 41(A)(1)(a). The trial court sua sponte declared the filing a nullity and ordered it stricken from the record. For the reasons set forth below, this court reverses the judgment of the trial court.
 {¶ 2} Appellant, The Northern Ohio Investment Company ("NOIC") sets forth the following sole assignment of error:
 {¶ 3} "The trial court erred in striking plaintiff's notice of dismissal which was filed before the sale was confirmed."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. In March 2005, NOIC filed a complaint in foreclosure against Julie A. Yarger ("mortgagor"). Mortgagor did not appear in the foreclosure action and has not denied the amount due or order of foreclosure.
 {¶ 5} On August 18, 2005, the trial court entered a judgment foreclosure and order of sale. A sheriff's sale of the underlying premises was scheduled for November 3, 2005. This initial sheriff's sale was subsequently canceled due to mortgagor's bankruptcy filing. NOIC secured relief from stay and the sheriff's sale was rescheduled to January 26, 2006.
 {¶ 6} Counsel for NOIC arrived a short time after 10:00 a.m. to discover the subject property had been the first offered for sale. A third-party bid had already been accepted in an amount of $58,000. This bid is equivalent to approximately half the value of the property. NOIC had been prepared to bid the $110,000 actual value at the sale. An informal attempt by NOIC to resolve the matter by offering the prospective purchasers $1,000 for their inconvenience was promptly rejected by them as insufficient and not "agreeable." On the contrary, the record shows the prospective purchasers engaged in passioned communications with the trial judge via correspondence and an "affidavit" to combat NOIC's legal challenge to completion of the sale. The letter and affidavit were dated and file-stamped January 31, 2006, evidencing personal delivery to the court. We carefully reviewed both documents and find they are not in any way rooted in law or authority relevant to this appeal.
 {¶ 7} In this correspondence, the prospective purchasers zealously suggested to the judge that if the sale was not permitted to be completed he would somehow be "compromising the legitimacy of the auction format itself." The record contains no legal basis for such a hyperbolic claim.
 {¶ 8} In addition, the "affidavit" of the prospective purchasers purports to give third party testimony ostensibly favorable to affiant by a well known Wood County attorney. There was no affidavit or testimony in the record from the attorney. The purported testimony pertained to the exact amount of time counsel for NOIC was delayed in arriving late at the sale. That issue, as will be explained below, is wholly irrelevant to the legitimacy of appellant's notice of voluntary dismissal.
 {¶ 9} On February 6, 2006, a week after appellant submitted the letter and affidavit to the judge, NOIC filed a motion to set aside the sale. It was denied. As the sale had not yet been confirmed or completed, NOIC filed a voluntary notice of dismissal pursuant to Civ.R. 41(A)(1)(a) on March 21, 2006. On March 27, 2006, the trial court sua sponte declared the notice of voluntary dismissal a nullity and ordered it stricken from the record. This appeal of that order was filed on March 31, 2006.
 {¶ 10} In its sole assignment of error, appellant contends the trial court erred in its sua sponte striking of NOIC's voluntary notice of dismissal. In support, appellant argues the trial court lacked any basis in legal authority to declare the notice of dismissal a nullity and order it stricken. It was appellant's first voluntary notice of dismissal in the case. The case never proceeded to trial. The notice of voluntary dismissal was filed before the sheriff's sale was confirmed and before title to the property transferred.
 {¶ 11} Civ.R. 41(A)(1)(a) establishes a plaintiff's unilateral right to voluntarily dismiss all claims asserted by the plaintiff. Civ.R. 41(A)(1)(a) states in relevant part:
 {¶ 12} "Subject to the provision of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of the court,
may dismiss all claims asserted by that plaintiff against the defendant by doing either of the following:
 {¶ 13} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant." (Emphasis added).
 {¶ 14} Controlling case law establishes that a notice of voluntary dismissal, such as that underlying this action, is unilateral, self-executing, and effective regardless of court approval. Murphy v. Ippolito, 8th Dist. No. 80682, 2002-Ohio-3548, at ¶ 5. The Supreme Court of Ohio has consistently held a plaintiff may dismiss an action pursuant to Civ.R. 41(A)(1) without order of the court. Logsdon v. Nichols
(1995), 72 Ohio St.3d 124, 126.
 {¶ 15} Case law makes clear a proper notice of voluntary dismissal filed pursuant to Civ.R. 41(A)(1) is fully effectuated upon its filing by the plaintiff. The act of filing the notice of voluntary dismissal automatically terminates the case. It requires no intervention by the court and is valid regardless of court approval. Peyton v. Rehberg (Apr. 14, 1997), 3rd Dist. No. 70964, at ¶ 6.
 {¶ 16} In its judgment entry purporting to sua sponte strike plaintiff's notice of voluntary dismissal, the court offers no legal basis in support of its action. The court unilaterally concludes, "a plaintiff in a foreclosure action, however, may not dismiss the complaint pursuant to Civ.R. 41(A)(1)(a) after the property has been sold at sheriff's sale."
 {¶ 17} In truth, the record shows there was not a completed sale of the property at the time of appellant's filing of voluntary dismissal. Rather, there had been an accepted bid. The sale had not been confirmed by the trial court. Title to the property had not been transferred to the prospective purchaser at the time of filing the notice of voluntary dismissal. There was neither a trial nor a completed sale.
 {¶ 18} It was during the pendency of sale in which NOIC filed a self-executing notice of voluntary dismissal. We find no compelling or persuasive legal authority to suggest a unilaterally self-executing notice of voluntary dismissal is invalidated by an unconfirmed sheriff's sale.
 {¶ 19} We review the trial court's actions in sua sponte striking the voluntary notice of dismissal pursuant to an abuse of discretion standard. The term an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} We have thoroughly reviewed the record in this matter. Controlling case law dictates a proper notice of voluntary dismissal is self-executing upon its filing without court approval. This right of voluntary dismissal is absolute. The record has no evidence that NOIC's filing did not comport with Civ.R. 41(A)(1)(a). Given the propriety of NOIC's filing a notice of voluntary dismissal, we find the trial court judgment unreasonable and arbitrary. It was an abuse of discretion. The dismissal was self-executing, fully effectuated upon its filing, and is hereby reinstated. Appellant's assignment of error is found well taken.
 {¶ 21} On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed and remanded for execution of this court's judgment. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Skow, J., Parish, J., concur.