[Cite as *Mention v. Car-X*, 2011-Ohio-6383.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHARLES MENTION, | : | APPEAL NO. C-110335 |
| | | TRIAL NO. 09CV-22296 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CAR-X, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 14, 2011

*Eric D. Bender,* for Plaintiff-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1}   Plaintiff-appellant Charles Mention filed a complaint against defendant-appellee Car-X, alleging negligence, breach of contract, unjust enrichment, and violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.  The municipal court referred the case to a magistrate who dismissed the complaint for failure to prosecute and entered judgment for Car-X.  Mention objected to the magistrate's decision, asserting that he had not received notice of the trial date or of the possibility of a dismissal.  The trial court overruled his objections.  Mention now appeals.

{¶2}   In a single assignment of error, Mention argues that the trial court erred by dismissing his complaint for failure to prosecute without giving him notice as required by Civ.R. 41.  We agree.

{¶3}   Under Civ.R. 41(B)(1), where a plaintiff fails to prosecute an action, the court may, after notice to plaintiff's counsel, dismiss the action.  Under the rule, notice is a prerequisite to dismissal for failure to prosecute.  *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361.  The notice requirement allows a party in default the opportunity to explain or correct a default before a dismissal.  Id.; *Penaranda v. DNJ Holdings, LLC*, 1st Dist. No. C-090739, 2010-Ohio-5848.  Thus, before a trial court may dismiss a case for failure to prosecute, the court must provide notice of its intent to do so to the plaintiff's counsel.  *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 454 N.E.2d 951, syllabus; *Logsdon*, supra, at 128; *Penaranda*, supra.

{¶4}   The record discloses no notice to plaintiff's counsel or to the plaintiff that the action was subject to dismissal.  Therefore, the trial court erred in dismissing the plaintiff's action.

{¶5}   Because the dismissal entered in this case did not comply with the notice provisions of Civ.R. 41(B)(1), we sustain the assignment of error, reverse the judgment of

the trial court, and remand the cause to the trial court for further proceedings in accordance with law.

Judgment reversed and cause remanded.

**DINKELACKER, P.J.,** and **CUNNINGHAM, J.**, concur.

Please Note:

The court has recorded its own entry on the date of the release of this opinion.