[Cite as *Smart v. Russell*, 2013-Ohio-1570.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| THERESA SMART, | : | APPEAL NO. C-120211 |
| | | TRIAL NO. 10CV-30679 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JOSEPH ALAN RUSSELL, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 19, 2013

*Honerlaw & Honerlaw Co., L.P.A.,* and *Joseph S. Honerlaw*, for Plaintiff-Appellant,

*Eric C. Deters & Partners P.S.C.*, and *Eric C. Deters*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Plaintiff-appellant Theresa Smart appeals the judgment of the Hamilton County Municipal Court dismissing her action against defendant-appellee Joseph Russell.

{¶2}    Smart filed a complaint in November 2010 and amended the complaint the next month.  After a number of case-management conferences and continuances, the case was set for trial on January 31, 2012.

{¶3}    Smart did not appear for trial, and the magistrate recommended that the case be dismissed for failure to prosecute.  Smart filed an objection to the magistrate's decision, contending that counsel had not received notice of the trial date.  Smart's counsel submitted an affidavit in support of the objection.  The trial court overruled the objection and dismissed the action.

{¶4}    In a single assignment of error, Smart contends that the trial court erred by dismissing her complaint for failure to prosecute without giving her notice as required by Civ.R. 41.

{¶5}    Under Civ.R. 41(B)(1), where a plaintiff fails to prosecute an action, the court may, after notice, dismiss the action. Under the rule, notice is a prerequisite to dismissal for failure to prosecute. *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128, 647 N.E.2d 1361 (1995).  The notice requirement allows a party in default the opportunity to explain or correct a default before a dismissal. *Id.*  Thus before a trial court may dismiss a case for failure to prosecute, the court must provide notice of its intent to do so to the plaintiff's counsel. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).

{¶6}     Here, the magistrate dismissed the case sua sponte when Ms. Smart did not appear for trial. The magistrate failed to give Ms. Smart notice or an opportunity to be heard as required by Civ.R. 41(B)(1). The record does not disclose that notice was given to plaintiff's counsel or to the plaintiff that the action was subject to dismissal. Therefore the trial court erred in overruling the objection and dismissing the plaintiff's action.

{¶7}     Because the dismissal entered in this case did not comply with the notice provisions of Civ.R. 41(B)(1), we sustain the assignment of error, reverse the judgment of the trial court, and remand this cause to the trial court for further proceedings in accordance with law.

Judgment reversed and cause remanded.

HILDEBRANDT, P.J,. and CUNNINGHAM, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.