[Cite as *Wells Fargo Bank, N.A. v. Gerst*, 2015-Ohio-3776.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, N.A. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2015 CAE 01 0004 |
| JESSICA M. GERST, ET AL. | |
| Defendant-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court of
                                  Common Pleas, Case No. 14 CVE 08 0606


JUDGMENT:                         Reversed and Remanded


DATE OF JUDGMENT ENTRY:           September 16, 2015


APPEARANCES:


For Plaintiff-Appellee            For Defendant-Appellants

SCOTT A. KING                     ANDREW J. GERLING
JESSICA E. SALISBURY-COOPER       Doucet & Associates, Co., LPA.
Thompson Hine LLP                 700 Stonehenge Parkway, Suite 2B
10050 Innovation Drive, Suite 400 Dublin, Ohio 43017
Miamisburg, Ohio 45342

*Hoffman, P.J.*

{¶1}    Defendant-appellants Brandon and Jessica Gerst appeal the December 12, 2014 Order Dismissing Plaintiff's Claims entered by the Delaware County Court of Common Pleas.  Plaintiff-appellee is Wells Fargo Bank ("Wells Fargo").

STATEMENT OF THE CASE[1]

{¶2}    On August 14, 2014, Wells Fargo filed its Complaint in Foreclosure against Appellants.  Appellants timely answered.

{¶3}    On December 1, 2014, Wells Fargo moved to voluntarily dismiss its complaint without prejudice pursuant to Civ.R. 41(A)(2).  The trial court granted the motion on December 12, 2014.  It is from that order Appellants prosecute this appeal, assigning as error:

{¶4}    "I THE TRIAL COURT ERRED IN GRANTING WELLS FARGO'S MOTION TO DISMISS BECAUSE IT DID NOT GIVE THE GERSTS AN OPPORTUNITY TO REPLY BEFORE GRANTING THE MOTION."

{¶5}    Civ.R. 41 (A)(2) provides:

{¶6}    **By order of court**.  Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon such terms and conditions as the court deems proper.

{¶7}    Civ.R. 6(C) provides:

{¶8}    A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by those rules or by order of the court.

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

{¶9}   Local rule 7.08 of Practice of the Delaware County Common Pleas Court, General Division provides:

{¶10} Once the initial motion has been filed, any memorandum contra to the motion shall be filed and served upon opposing counsel no later than the fourteenth day following the filing of the motion, unless the Court orders otherwise.

{¶11}  In *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, the Ohio Supreme Court held "…[g]iven the need for trial court action in order to effect the dismissal under Civ.R. 41(A)(2), the opposing party to the action is entitled to be heard on the motion."  Id., at 127.  "If a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error."  *Gibson-Myers & Assoc. v. Pearce,* 9th Dist. No. 19358 (Oct. 27, 1999).  See, also, *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 519-520, 2000-Ohio-468.

{¶12} Pursuant to the aforementioned authority, we find the trial court committed reversible error by granting Wells Fargo's motion to dismiss without prejudice without affording Appellants an opportunity to respond in accordance with Civ.R. 6(C) and Local Rule 7.08 of the Delaware Common Pleas Court, General Division.

{¶13} Appellant's assignment of error is sustained.  The December 12, 2014 order of the trial court is reversed and the matter remanded to that court for further proceedings.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur