OPINION *Page 2 
{¶ 1} On May 24, 2002, appellant, Joyce Howell, an employee of the Canton Urban League, was working at the Edward Peel Coleman Community Center. At this time, appellee, The Ohio Floor Company, Inc., was sanding and refinishing the flooring of the Community Center's basketball court.
 {¶ 2} On May 21, 2004, appellant filed a complaint against appellee for personal injuries, claiming her exposure to the chemicals involved in refinishing the floor caused injuries to her lungs, respiratory tract, and larynx, and caused her to become permanently disabled. This case was dismissed and on May 26, 2006, appellant refiled her complaint against appellee and the entity that owns the Community Center and hired appellee, the City of Canton.
 {¶ 3} Both appellees filed motions for summary judgment. By judgment entry filed December 11, 2006, the trial court granted appellee Ohio Floor's motion for summary judgment. Thereafter, appellant filed a motion to file instanter her brief in opposition to Ohio Floor's motion for summary judgment. By judgment entry filed December 29, 2006, the trial court granted appellant's motion to file her opposition brief instanter. On January 9, 2007, the trial court granted appellee City of Canton's motion for summary judgment, and denied appellant's motion for leave to file instanter her aforementioned brief, and reiterated its decision of December 11, 2006 granting summary judgment to appellee Ohio Floors.
 {¶ 4} On February 7, 2007, appellant filed a Civ. R. 60(B) motion for relief from the trial court's January 9, 2007 judgment. The next day, appellant filed an appeal of *Page 3 
the trial court's January 9, 2007 judgment entry. On February 9, 2007, the trial court found it was without jurisdiction to consider the Civ. R. 60(B) motion.
 {¶ 5} Appellant filed an appeal of the trial court's January 9, 2007 judgment entry, and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF/APPELLANT'S LEAVE TO FILE, INSTANTER, HER BRIEF IN OPPOSITION TO DEFENDANT/APPELLEE, OHIO FLOORING COMPANY'S MOTION FOR SUMMARY JUDGMENT."
 II {¶ 7} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF/APPELLANT'S OHIO R. CIV. P. 60(B) MOTION FOR RELIEF FROM JUDGMENT."
 III {¶ 8} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S, THE OHIO FLOORING COMPANY'S MOTION FOR SUMMARY JUDGMENT."
 IV {¶ 9} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S, CITY OF CANTON, MOTION FOR SUMMARY JUDGMENT."
 I, II {¶ 10} Appellant claims the trial court erred in denying her motion for leave to file instanter her brief in opposition to appellee Ohio Floor's motion for summary judgment, and her motion for relief from judgment. We disagree. *Page 4 
 {¶ 11} A decision to grant or deny leave to file a motion instanter rests in the trial court's discretion. Toledo v. Stuart (1983),11 Ohio App.3d 292. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983) 5 Ohio St.3d 217.
 {¶ 12} The trial court had before it appellant's motion for leave to file instanter a brief in opposition to appellee Ohio Floor's motion for summary judgment. Appellant's motion was filed after the date set for the non-oral hearing on the summary judgment motion (December 15, 2006), and beyond the time limit set for the filing of a responsive brief (December 4, 2006). See, Assignment Notice filed November 15, 2006. Also, the request for leave to file instanter was made after the trial court had already ruled on appellee Ohio Floor's motion for summary judgment. See, Judgment Entry filed December 11, 2006. As such, pursuant to Miller v. Lint (1980), 62 Ohio St.2d 209, the only course left to the trial court was to deny the leave.
 {¶ 13} Appellant then filed a Civ. R. 60(B) motion for relief from judgment on February 7, 2007, and the notice of appeal sub judice on February 8, 2007 from the trial court's January 9, 2007 judgment entry granting summary judgment to appellee City of Canton and denying her motion for leave to file instanter. Thereafter, this court remanded the Civ. R. 60(B) motion to the trial court. See, Appellate Judgment Entry filed November 9, 2007.
 {¶ 14} The trial court's ruling on the Civ. R. 60(B) motion is the subject of a subsequent appeal (Case No. 2008CA00005), and is therefore moot as to the appeal sub judice. *Page 5 
 {¶ 15} Assignments of Error I and II are denied.
 III, IV {¶ 16} Appellant claims the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 17} Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 18} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 20} Preliminarily, appellee Ohio Floors challenges appellant's right to argue the granting of the summary judgment motion. Appellee Ohio Floors points out the trial court's judgment entry granting summary judgment to appellee Ohio Floors was filed on *Page 6 
December 11, 2006. Appellant's notice of appeal filed on February 8, 2007 stated the following:
 {¶ 21} "Notice is hereby given that Joyce J. Howell hereby appeals to the Court of Appeals for Stark County, Ohio, Fifth Appellate District, from the judgment rendered by the trial court in this action which constitutes a final appealable order and was journalized on January 9, 2007. A time stamped copy of the journal entry is attached hereto."
 {¶ 22} The first issue is whether appellant's notice of appeal is a timely appeal of the trial court's December 11, 2006 decision. To be final and appealable, an order must comply with R.C. 2505.02 and Civ. R. 54(B), if applicable. R.C. 2505.02(B) provides the following in pertinent part:
 {¶ 23} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 24} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 25} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
 {¶ 26} Civ. R. 54(B) provides:
 {¶ 27} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of *Page 7 
a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 28} We conclude the matter was not a final appealable order until the entire matter was resolved via the trial court's January 9, 2007 judgment entry.
 {¶ 29} The second issue is whether appellant's notice of appeal is limited to the information included in her docketing statement wherein she stated the possible issues for review were the trial court's denial of her motion for leave to file instanter and the trial court's granting of summary judgment to appellee City of Canton. We find appellee Ohio Floors was not prejudiced by the addition of appellant's assignment of error pertaining to appellee Ohio Floors.
 {¶ 30} In its judgment entry of December 11, 2006, the trial court granted summary judgment to appellee Ohio Floors, finding the following:
 {¶ 31} "This matter came before the Court on Defendant The Ohio Floor Company, Inc.'s Motion for Summary Judgment, filed November 13, 2006. This matter was set for a Non-Oral Summary Judgment Hearing on December 15, 2006. Plaintiff's Response was due on or before December 4, 2006. No Response was filed. Therefore, the Court finds it unnecessary to prolong ruling upon Defendant's Motion for Summary Judgment.
 {¶ 32} "* * * *Page 8 
 {¶ 33} "Once the moving party has satisfied his initial burden, the nonmoving party must `set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.'" Vahila at 429, quoting Dresher at 293.
 {¶ 34} "Upon review of the pleadings and supporting documents, this Court finds that there are no genuine issues of material fact. Therefore, the Court hereby grants Defendant The Ohio Floor Company, Inc.'s Motion for Summary Judgment."
 {¶ 35} We find the absence of any response by appellant to the procedural issues posed by the summary judgment motion necessitated the trial court's conclusion and decision.
 {¶ 36} Appellant also appeals the trial court's decision granting summary judgment to appellee City of Canton. In its judgment entry filed January 9, 2007, the trial court found appellee City of Canton hired Ohio Floors as an independent contractor and as a result, appellee City of Canton was not liable in negligence to a third party, nor liable under the theory of inherently dangerous doctrine. The trial court also found appellee City of Canton was protected under the theory of sovereign immunity, R.C. Chapter 2744, et seq.
 {¶ 37} Pursuant to R.C. 2744.02(A)(1), cities are immune from liability as follows:
 {¶ 38} "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act *Page 9 
or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 39} It is uncontested that appellee Ohio Floors entered into a contract with appellee City of Canton, and appellee City of Canton did not supervise or control the work of appellee Ohio Floors. See, Affidavit of Nate Cooks. Appellee Ohio Floors was an independent contractor.
 {¶ 40} R.C. 2744.02(B) provides exceptions to sovereign immunity. Subsection (2) and (4) are pertinent to this appeal and state the following:
 {¶ 41} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 42} "(2) Except as otherwise provided in sections 3314.07 and3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 {¶ 43} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, *Page 10 
workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."
 {¶ 44} Neither of the above sections is applicable sub judice. Appellant argues the use of toxic chemicals in the refinishing of the flooring falls within the exception of a physical defect on city property. We fail to find that the exception applies. The refinishing of the flooring was a process, and did not equate to the creation of a physical defect.
 {¶ 45} Lastly, appellant argues the repair of a floor in a city-owned recreational center is not a governmental function, but a proprietary function. We find the repair to a city-owned recreational facility is in fact a governmental function:
 {¶ 46} "(2) A `governmental function' includes, but is not limited to, the following:
 {¶ 47} "(g) The construction, reconstruction, repair, renovation, maintenance, and operation of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses." R.C. 2744.01(C)(2)(g).
 {¶ 48} Upon review, we find the trial court did not err in granting summary judgment to appellees.
 {¶ 49} Assignments of Error III and IV are denied. *Page 11 
 {¶ 50} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J., and Edwards, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1