[Cite as *Collias v. Redburn*, 2010-Ohio-2296.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### WYANDOT COUNTY

WILLIAM JAMES COLLIAS,

     PLAINTIFF-APPELLANT,           CASE NO. 16-09-18

     v.

RON REDBURN, ET AL.,          O P I N I O N

     DEFENDANTS-APPELLEES.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 09-CV-0071

**Judgment Reversed and Cause Remanded**

**Date of Decision: May 24, 2010**

APPEARANCES:

    *Timothy A. Roston* for Appellant

    *Ron Redburn*, Appellee

    *John A. Fiocca, Jr.* for Appellee, John Butcher

    *Larry P. Meyer* for Wyandot Co. Agricultural Society

Case No. 16-09-18

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant William J. Collias ("Collias") brings this appeal from the judgment of the Wyandot County Court of Common Pleas dismissing his complaint against defendants-appellees Ron Redburn ("Redburn"), Wyandot County Agricultural Society ("WCAS")[1], and John Butcher ("Butcher") as a Civil Rule 37 sanction. For the reasons set forth below, the judgment is reversed.

{¶2} On April 14, 2009, Collias filed his action claiming that he suffered personal injury while a vendor at the Wyandot County Fair. Collias alleged that while opening the door to his trailer at the fair grounds, he received an electrical shock. Collias also alleges that this shock occurred because the electricity to his trailer was not properly installed by the defendants. As a result of the shock, Collias alleges that he suffered severe and debilitating injuries. On May 12, 2009, Butcher filed his response. WCAS filed its answer and cross-claim against Redburn on May 14, 2009. Redburn then filed his answer to Collias' complaint on May 19, 2009, and to the cross-claim on June 24, 2009.

{¶3} On May 22, 2009, WCAS filed a notice of mailing of interrogatories and request for production of documents to Collias. WCAS then filed a motion to

---

[1] The Wyandot County Fairgrounds was also listed as a defendant. In its answer, WCAS identified itself as being wrongly identified as the Wyandot County Fairgrounds. At times, WCAS appears to be one entity known by both names and at other times as if they are separate. This court is unsure whether these are two separate entities or one entity. Since they are represented by one attorney, we will presume that all motions filed on behalf of WCAS also are filed on behalf of the fairgrounds if they are two separate entities. Thus, WCAS will also refer to the fairgrounds.

-2-

compel discovery on July 15, 2009. The trial court ruled on it the next day and required discovery to be answered by August 3, 2009, "or face possible sanctions under Civil Rule 37." July 16, 2009, Order. On August 6, 2009, WCAS filed a motion for sanctions requesting that the complaint be dismissed as a sanction for violating the prior order. Before the trial court ruled on the motion, Collias filed on August 13, 2009, a notice that he had responded to the discovery request.

**{¶4}** On August 19, 2009, Butcher filed a motion to compel discovery alleging that Collias had not complied with his request for interrogatories. The trial court granted the motion to compel on August 20, 2009, and gave Collias until September 7, 2009, to comply "or face possible sanctions under Civil Rule 37." August 20, 2009, Order. On September 10, 2009, Butcher filed a motion for sanctions requesting that the complaint be dismissed for failure to comply with a discovery order. On September 11, 2009, without a hearing, the trial court granted WCAS's motion for sanctions and dismissed Butcher's motion as moot. Collias appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court erred and abused its discretion when it dismissed [Collias'] complaint as a discovery sanction.**

### Second Assignment of Error

**The trial court abused its discretion in entering its order of September 11, 2009, without a finding that [Collias'] failure to comply was the result of his willfulness, bad faith or fault.**

{¶5} In both assignments of error, Collias claims that the trial court erred by dismissing his complaint as a discovery sanction. Thus, they will be addressed together.

> **Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet that "disposition of cases on their merits is favored in the law." \* \* \* Indeed this court has stated that "[j]udicial discretion must be carefully-and cautiously-exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." \* \* \* Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when "'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" \* \* \***

*Quonset Hut Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 48, 684 N.E.2d 319. Before a dismissal with prejudice for failure to comply with a discovery order can be ordered, counsel must be given notice that dismissal is a possibility and be given a reasonable opportunity to defend against the dismissal. Id. at 49. "The dismissal of a case with prejudice is a harsh remedy and, before such a dismissal is proper, a court must first expressly and unambiguously give notice of its intention to dismiss with prejudice giving the party one last chance to obey the court's order." *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361. The purpose of this notice is to provide a party with an opportunity to either explain its failure to comply or to correct it. *Quonset*, supra at 49.

{¶6} This court has previously held that a motion to dismiss is sufficient to imply that counsel was given notice that the case would be dismissed if the discovery order is not followed. *Shin v. Shin*, 3d Dist. No. 1-04-75, 2005-Ohio-1607 (citing *Sazima v. Chalko* (1999), 86 Ohio St.3d 151, 712 N.E.2d 729). "As long as a party is given an opportunity to explain its default and/or correct it, notice may be implied even though the trial court did not give an express notice of its intention to dismiss the complaint with prejudice. Id. at ¶6. In *Shin*, this court affirmed the judgment of the trial court dismissing the complaint with prejudice because the plaintiff was given three weeks to comply with the motion and then a hearing was held where the plaintiff was given an opportunity to explain the reason for his failure. This court held that since the hearing was held giving the plaintiff an opportunity to comply and to defend himself, the lack of express notice from the trial court was not prejudicial.

{¶7} In this case, there were two different motions to compel and two different motions to dismiss filed. The first motion to compel was filed by WCAS on July 15, 2009 and the order granting the motion was filed on July 16, 2009. On August 6, 2009, WCAS filed its motion to dismiss as a sanction for lack of discovery. This was the first notice that expressly notified Collias that his case could be dismissed if he failed to comply with the order. Collias then filed his notice of answering the discovery request on August 13, 2009. Thus, before

the motion was ruled upon, the trial court received notice that Collias had complied with the order.

{¶8} On August 17, 2009, Butcher filed his motion to compel discovery. The trial court granted the motion and entered an order on August 18, 2009. On September 10, 2009, Butcher filed a motion requesting that the complaint be dismissed with prejudice as a sanction for violation of the discovery order. The trial court granted WCAS's motion on September 11, 2009, and dismissed Butcher's motion as moot on that same day. At no time prior to the dismissal did the trial court hold a hearing on the motions. Additionally, the trial court was on notice prior to granting WCAS's motion that Collias had served a response to the discovery request.[2] Since the record before this court indicates that Collias had complied with the trial court's order, even if untimely, the trial court erred and abused its discretion in granting the harsh sanction of dismissal. Butcher's motion to dismiss was dismissed and no appeal was taken from that dismissal, thus that motion is not before this court. However, this court notes that the trial court knew that Collias had again failed to respond to discovery orders at the time it ruled on WCAS's motion. Although the trial court could reasonably impose sanctions pursuant to Civil Rule 37 due to the untimeliness, a hearing should have

---

[2] Although WCAS argues on appeal that the response given was insufficient, there is nothing in the record to indicate that this argument was brought to the attention of the trial court or that the trial court ever reviewed the answers to the interrogatories to determine their sufficiency. No hearing was held on this matter. Since this argument was not raised below, it will not be addressed for the first time on appeal.

been held on the matter before judgment granting dismissal with prejudice was entered since the record indicates that Collias did eventually comply with the order. Although this court is sympathetic to WCAS and Butcher's frustration, the record does not contain sufficient evidence that the answers given were inadequate or the reasons for the prior dismissal. This court can only consider what is substantiated in the record, not the arguments of counsel. For this reason, the assignments of error are sustained.

{¶9} The judgment of the Wyandot County Court of Common Pleas is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS and SHAW, J.J., concur.**

**/jlr**