[Cite as *Collias v. Redburn*, 2012-Ohio-2128.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

WILLIAM JAMES COLLIAS,

    PLAINTIFF-APPELLANT,          CASE NO. 16-11-10

    v.

RON REDBURN, ET AL.,          O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 09-CV-0071

**Judgment Affirmed**

**Date of Decision: May 14, 2012**

APPEARANCES:

    *Shane M. Leuthold* for Appellant

    *John A. Fiocca, Jr.* for Appellee, John Butcher

    *Ronald Redburn,* Appellee

    *Larry P. Meyer* for Appellee, Wyandot Co. Agricultural Society

**WILLAMOWSKI, J**.

{¶1} Plaintiff-Appellant, William James Collias ("Collias"), appeals the judgment of the Wyandot County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, Wyandot County Agricultural Society ("the WCAS"), and also dismissing Collias' claims against Defendant-Appellee, John Butcher ("Butcher"). On appeal, Collias contends that the trial court erred in granting summary judgment in favor of the WCAS on the basis of immunity. Collias also claims that the trial court should not have dismissed his claims against Butcher for Collias' failure to respond to discovery and his failure to substitute Butcher's Estate pursuant to Civ.R. 25. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 14, 2009, Collias filed this current action, claiming that he suffered personal injury when he was a vendor at the Wyandot County Fair in September of 2005. Collias alleges that he received an electrical shock due to improper electrical connections when he opened the door to his trailer at the fairgrounds. As a result of this shock, Collias maintains that he suffered severe and debilitating injuries.

{¶3} In September of 2005, Collias set up his vendor's trailer at the Wyandot County Fair in Upper Sandusky, Ohio. Butcher was an electrician working at the fair and he connected Collias' trailer to the electrical panel/power

source. Butcher also connected the trailer of another vendor, Defendant Ron Redburn ("Redburn"), to the same electrical source. However, Collias alleges that Redburn's trailer's electrical system was improperly wired and, as a result, when it was connected to the electrical panel it "energized" Collias' trailer causing it to shock anyone or anything that touched it. This problem was discovered when Collias' dog and another worker received strong electrical shocks. The trailers were then disconnected, and the problem was investigated.

{¶4} Collias claims that Redburn's trailer was again hooked up to the electrical control panel the following day. However, the problem apparently had not been remedied and Collias claims it again caused an electric current to flow through Collias' trailer. Collias was shocked when he touched the door of his trailer. The WCAS represents that Collias' version of the sequence of events is not supported by the evidence in the record. However, the details pertaining to these facts are not material to the issues that were before the trial court and that are in dispute in this appeal.

{¶5} Collias filed his original complaint against Redburn, Butcher, the WCAS, and the Wyandot County Fair[1] on September 13, 2007, in Wyandot County Civil Case No. 07-CV-0170, alleging multiple counts of negligence against the defendants and also requesting declaratory judgment finding that

---

[1] The WCAS's attorney represents that there is no such entity as the "Wyandot County Fair," and that the WCAS is the only entity involved in operating the fair.

Butcher was an employee of WCAS and had acted maliciously, in bad faith, and in a reckless, willful, and wonton manner. However, due to Collias' failure to comply with the defendants' discovery requests, the trial court dismissed the complaint against all defendants, without prejudice, on April 14, 2008.

{¶6} One year later, on April 14, 2009, Collias again filed his Complaint, Wyandot County Civil Case No. 09-CV-0071, against the same defendants.[2] Butcher and WCAS filed motions to compel discovery and filed motions for sanctions to dismiss pursuant to Civ.R. 37 if Collias failed to comply with discovery orders. On September 11, 2009, without conducting a hearing, the trial court granted WCAS's motion for sanctions and dismissed Collias' complaint against all parties, with prejudice.

{¶7} Collias appealed this decision. On May 24, 2010, this Court reversed the judgment of the trial court and remanded for further consideration. *See Collias v. Redburn, et al.*, 3d Dist. No. 16-09-18, 2010-Ohio-2296 (hereinafter, "*Collias I*"). We held that "[a]lthough the trial court could reasonably impose sanctions pursuant to Civil Rule 37 due to the untimeliness [of Collias' discovery responses], a hearing should have been held on the matter before judgment

---

[2] Defendant Redburn is not a party to this appeal. The case and trial against Redburn has been stayed pending the outcome of this appeal against the WCAS and Butcher. The WCAS also filed a cross-claim against Redburn, stating that the terms of the vendor contract obligate Redburn to defend, indemnify and hold harmless the WCAS. Part of Collias' complaint against the WCAS contends that the WCAS failed to ascertain that Redburn had the required insurance before it issued a vendor's permit to Redburn and allowed him to locate his trailer on the premises. Redburn's Answer denies that there was anything wrong with his equipment and claims that Butcher incorrectly connected the wires. (May 19, 2009 Answer of Ron Redburn)

granting dismissal with prejudice was entered since the record indicates that Collias did eventually comply with the [discovery] order." *Id.* at ¶ 8. We further stated that "[a]lthough this Court is sympathetic to WCAS and Butcher's frustration, the record does not contain sufficient evidence that the answers given were inadequate or the reasons for the prior dismissal." *Id.*

**{¶8}** Upon remand, a telephone pretrial was held on July 28, 2010, during which it was disclosed that Butcher had died. Butcher's attorney then filed a Notice of Suggestion of Death.[3] (Feb. 10, 2011 Judgment Entry, p. 3) On October 26, 2010, pursuant to this Court's directive, the trial court held a hearing on the motions for discovery sanctions. (*Id.*, p. 4) Although Collias responded to the requests for discovery one day prior to the hearing, the defendants claimed there were still deficiencies. (*Id.*) At this time, Collias was also reminded of the need to substitute the Estate of Butcher as a defendant, and his counsel indicated that he planned to do so "pretty quick." (*Id.*) The discovery issues remained unresolved, and in a November 30, 2010 judgment entry, the trial court advised Collias that he had ten days in which to respond to the defendants' allegations of insufficient responses to their respective discovery requests. (*Id.*, p. 5)

**{¶9}** On December 22, 2010, the WCAS moved for summary judgment on the grounds that it was a political subdivision and entitled to immunity; that

---

[3] Collias represents that Butcher had died on September 4, 2009, and that his attorney was remiss in not filing the suggestion of death sooner.

Butcher was not an employee, but rather an independent contractor whose methods and means were not under the control of WCAS; and, that Butcher's services were performed in a proper manner and there was no evidence that he was negligent. Collias was granted an extension of time to file his response. After a non-oral hearing on the motions, the trial court granted summary judgment in favor of the WCAS on April 15, 2011.

{¶10} While the motion for summary judgment was pending, on January 18, 2011, Collias finally moved for an Order to substitute the Estate of John Butcher, deceased, for Defendant John Butcher. Butcher's counsel filed a motion opposing the order, stating that it was untimely pursuant to Civ.R. 25(A)(1), and that the estate could not be substituted because it was already closed and had not been re-opened.

{¶11} On February 10, 2011, the trial court filed its judgment entry, denying Collias' motion to substitute the Estate of John Butcher, and ruling on the long-pending motions for the Civ.R. 37 discovery sanctions. The trial court held that the motion to substitute the estate was untimely and had missed the ninety-day statutorily imposed requirement. The trial court also granted the discovery sanctions pursuant to Civ.R. 37, noting that the history of the case clearly demonstrated that Collias had been given notice that dismissal was a possibility. (Feb. 10, 2011 J.E., p. 11) The trial court found that "[w]hen given the

opportunity to defend, [Collias] offered no evidence, no legitimate explanations, nor any reasonable effort on his part to acquire the requested discovery information." (*Id.*) Accordingly, the trial court ordered that Collias' complaint "is hereby dismissed as a sanction for failing to once again comply with this Court's discovery orders; * * *.") (*Id.*)

{¶12} On September 6, 2011, the trial court issued two judgment entries relating to the February 10, 2011[4] and the April 15, 2011 judgment entries, noting that the judgments were final judgments as to fewer than all of the parties, but they failed to contain the Civil Rule 54(B) certification language. Accordingly, the trial court ordered the language be added to each of the two judgment entries, stating that "there is no just reason for delay and the dismissal is a final appealable order."

{¶13} It is from these judgments that Collias now appeals, raising the following three assignments of error for our review.

### First Assignment of Error

**The trial court erred when it granted summary judgment in favor of Appellee, Wyandot County Agricultural Society, on the grounds of immunity.**

### Second Assignment of Error

**The trial court erred when it granted Defendant/Appellant, John Butcher's motion to dismiss for failing to respond to discovery.**

---

[4] On February 15, 2011, the trial court issued a nunc pro tunc judgment entry to correct two errors on page 11 of its February 10th judgment entry. The nunc pro tunc judgment entry substituted "Civil Rule 25" for the word "statute," and it deleted the statement "This is a final appealable Order."

## Third Assignment of Error

**The trial court erred when it granted Appellee, John Butcher's, motion to dismiss for failing to substitute his Estate pursuant to Ohio Civil Rule 25.**

*First Assignment of Error -- Summary Judgment in Favor of WCAS*

{¶14} In the first assignment of error, Collias claims that the trial court erred when it granted summary judgment in favor of the WCAS on the basis of immunity. While Collias acknowledges that the WCAS qualifies as a political subdivision for purposes of establishing immunity under R.C. 2744.02(A)(1), he contends that this immunity is abrogated by R.C. 2744.02(B)(2), which renders a political subdivision liable "for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions." (Appellant's Br., p. 5) He further argues that even if Butcher was not an employee, the WCAS cannot be exempted from liability if Butcher was an independent contractor, because Butcher was negligent, the work was "inherently dangerous," and the WCAS could not insulate itself from liability because of the "non-delegable duty" doctrine. Collias further asserts that the WCAS is not entitled to immunity because it was negligent for not hiring a chief inspector to inspect all of the concessions and that the WCAS was negligent for issuing a permit to a vendor (Redburn) who did not carry the required liability insurance.

{¶15} We review a decision to grant summary judgment *de novo*. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 2000-Ohio-186. Summary judgment is proper where: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336

{¶16} The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability. *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 10.

> First, R.C. 2744.02(A)(1) sets out a general rule that political subdivisions are not liable in damages. In setting out this rule, R.C. 2744.02(A)(1) classifies the functions of political subdivisions into governmental and proprietary functions and states that the general rule of immunity is not absolute, but is limited by the provisions of R.C. 2744.02(B), which details when a political subdivision is not immune. Thus, the relevant point of analysis (the second tier) then becomes whether any of the exceptions in R.C. 2744.02(B) apply. Furthermore, if any of R.C. 2744.02(B)'s exceptions are found to apply, a consideration of the application of R.C. 2744.03 becomes relevant, as the third tier of analysis.

*Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556–557, 2000-Ohio-486; *Monteith v. Delta Productions, Inc.*, 3d Dist. Nos. 3-07-35, 3-07-36, 2008-Ohio-1997, ¶ 15. Collias concedes that the WCAS was a political subdivision

engaged in a governmental or proprietary function, fulfilling the first tier of the analysis. The statute states that: "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A).

{¶17} The issue is whether any of R.C. 2744.02(B)'s exceptions to WCAS's political subdivision immunity are applicable. The exception under R.C. 2744.02(B)(2) states that " * * * political subdivisions are liable for injury, death, or loss to person or property caused by the *negligent performance* of acts *by their employees* with respect to *proprietary functions* of the political subdivisions.*" (Emphasis added.) Although the parties dispute whether or not Butcher performed his duties negligently, and whether or not the activities involved "proprietary functions," the evidence in the record that Butcher was an independent contractor was not controverted. Even if we were to assume for the sake of discussion that a proprietary function was involved, the WCAS has no liability for Butcher because he was an independent contractor. *See Monteith v Delta, supra*, at ¶¶ 18 and 25; *Howell v. City of Canton*, 5th Dist. No. 2007CCA0-0035, 2008-Ohio-5558, ¶¶ 39-44; *Weldon v. Prairie Township*, 10th Dist. No. 10AP-311, 2010-Ohio-5562, ¶ 13.

{¶18} Furthermore, Collias' argument concerning a non-delegable duty is not relevant to a political subdivision. WCAS's immunity does not derive from the common law, but rather from statute – R.C. Chapter 2744. There is no exception in the application of R.C. Chapter 2744 for an inherently dangerous activity. The statute must be given its plain meaning. The statutory immunity exception requires negligence by an employee, and the definition of "employee" does not include an independent contractor, nor does it hinge on the type of work performed. See R.C. 2744.01(B). None of the cases cited by Collias involved a political subdivision. "Nothing in R.C. Chapter 2744 creates an exception when an independent contractor performs a nondelegable duty." *Trotwood v. S. Cent. Constr., L.L.C.*, 192 Ohio App.3d 69, 2011-Ohio-237, ¶ 38 (2d Dist.) Therefore, the nondelegable-duty doctrine does not abrogate statutory immunity for a political subdivision. *Id.*

{¶19} In addition, the decision to utilize the services of Butcher was an exercise of judgment and discretion and the WCAS is immune from liability in the absence of any evidence that the decision was exercised with the characteristics enumerated in R.C. 2744.03(A)(5). That statute states that a "political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other

resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." *Id.*

{¶20} Also, Collias' complaint that the WCAS was negligent for failing to hire an inspector under R.C. 1711.11 is misplaced. This section of the code is not related to electrical inspections. Likewise, Collias' assertion that the WCAS failed to obtain proof of Redburn's liability insurance in not related to the cause of the alleged injury to Collias. The absence of such insurance does not create a cause of action in Collias' favor against the WCAS.

{¶21} Accordingly, we find that the trial court did not err in granting summary judgment in favor of WCAS on the basis of its immunity as a political subdivision. The first assignment of error is overruled.

*Second Assignment of Error – Dismissal Pursuant to Civ.R. 37*

{¶22} Collias' second assignment of error submits that the trial court erred when it granted Butcher's motion to dismiss for failing to respond to discovery orders pursuant to Civ.R. 37. Collias argues that the facts in the record do not support the trial court's sanction; that he did file notices of supplemental discovery answers on February 9 and 16, 2011; and, that he was making an effort to resolve the issue of providing the older records and records were "still trickling in" even after the case was dismissed. Collias contends that he was providing information and was not being evasive.

-12-

{¶23} Civ.R. 37(B) provides various sanctions for failure to comply with discovery, including the harshest sanction of dismissal of the action. Civ.R. 37(B)(2)(c). Ohio courts have long recognized that the interests of justice are better served when courts address the merits of claims rather than using procedural devices to resolve pending cases. *Moore v. Emmanuel Family Training Center, Inc.*, 18 Ohio St.3d 64, 70 (1985). In determining whether the sanction of dismissal is warranted, the trial court should consider "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." *Foley v. Nussbaum*, 2d Dist. No. 24572, 2011-Ohio-6701, 31, quoting *Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178 (9th Dist.1987).

{¶24} Civ.R. 41(B)(1) permits a trial court to dismiss an action for failure to comply with a court order, but only after notice to plaintiff's counsel. *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 518, 2000-Ohio-468. The Ohio Supreme Court has held that a dismissal with prejudice is proper only "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*,

80 Ohio St.3d 46 (1997), at the syllabus. "[T]he notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." (Emphasis sic.) *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986). "The purpose of notice is to 'provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128 1995-Ohio-225 (citations omitted).

{¶25} A trial court has broad discretion when imposing discovery sanctions and a reviewing court shall review these rulings only for an abuse of discretion. *Vaught v. Cleveland Clinic Found.*, 98 Ohio St.3d 485, 2003-Ohio-2181, ¶ 13.

> The discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses. A reviewing court's responsibility is merely to review these rulings for an abuse of discretion. "'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313, quoting *Spalding v. Spalding* (1959), 355 Mich. 382, 384-385, 94 N.W.2d 810, 811-812. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. *Id.*

*Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 1996-Ohio-159.

{¶26} This case has been pending for many years, during which time Collias has been served with numerous discovery requests and orders to comply

with those requests. The trial court has dismissed the case two times, once without prejudice, and once with prejudice, for Collias' failure to obey. However, in an effort to be certain that Collias had proper notice and the benefit of every opportunity to have his case tried on the merits, we ordered that the trial court reinstate his case and give him another opportunity to comply with the discovery requests. *See Collias I.*

{¶27} Pursuant to our decision in *Collias I*, the trial court sent notice that a hearing on the Motion for Sanctions was to be held on September 1, 2010. Collias asked for and was granted a continuance and the hearing was rescheduled to October 26, 2010. The day before the hearing, Collias responded to Butcher's request for discovery that had originally been made in May of 2009. Because the defendants did not have sufficient time to review the materials to determine whether they were responsive, additional time was provided for such a review, and then Collias was further granted additional time to respond when it was discovered that the discovery was still not sufficiently responsive. He again failed to comply.

{¶28} In its judgment entry, the trial court discussed its findings as follows:

At the hearing on the Motion for Sanctions/Dismissal, [Collias] offered no evidence and only generalized statements that [Collias] was unable to obtain the material and was unwilling to explore different avenues to obtain the information and documents. The alleged incident upon which the Complaint was based occurred in 2005. Discovery from [Collias] has been sought since 2007. [Collias] continues to promise compliance but given the years that

-15-

have passed without full compliance, the Court may have little confidence that it will be forthcoming. * * *

The court is aware that dismissal is a severe sanction, but it would appear appropriate in light of the continued disobedience of [Collias] of this Court's Orders concerning discovery, the lack of effort on the part of [Collias] to obtain the requested material and the continued delay tactics employed by [Collias]. In light of Defendant Butcher's death, delay has also certainly prejudiced this Defendant's case.

[Collias] had no reasonable explanation for his failure to respond to the Defendants' discovery requests on the Court's Order to Compel. [Collias] had no legitimate reason why he waited until the day before the October hearing on sanctions to partially comply with the discovery requests and the Court's Order. * * * Further, [Collias'] comments that additional information will be forwarded when received offers the specter of a discovery process with no end in sight.

(Feb. 10, 2011 J.E., pp. 8-10)

{¶29} Given the lengthy history of this case, it is evident that Collias has had ample opportunity to respond to the long-standing requests for discovery and that he has had sufficient notice of the possibility of dismissal if he continued to ignore the trial court's orders. We can discern no abuse of discretion in the trial court's dismissal of Collias' case. The second assignment of error is overruled.

*Third Assignment of Error – Substitution of Estate*

{¶30} In the third and final assignment of error, Collias submits that the trial court erred when it granted Butcher's motion to dismiss for failing to substitute his estate pursuant to Civ.R. 25. However, since our decision pertaining to the second assignment of error, upholding the dismissal of the case against

Butcher as a discovery sanction pursuant to Civ.R. 37, is dispositive of the case, this assignment of error is moot and need not be addressed.

{¶31} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**