[Cite as *Williams v. Dept. of Rehab. & Corr.*, 2018-Ohio-3604.]

| | |
|---|---|
| NATHANIEL WILLIAMS, ADMR., etc. | Case No. 2016-00125JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Robert Van Schoyck |
| v. | DECISION |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶1}** Before the court are written objections to a magistrate's decision filed on May 25, 2018, by plaintiff Nathaniel Williams and motions with attachments that the parties have filed. For reasons set forth below, the court holds that Williams's objections should be overruled, that the parties' motions should be granted, that the magistrate's decision should be adopted, and that judgment should be rendered in favor of defendant Ohio Department of Rehabilitation and Correction (ODRC).

## I. Background and Procedural History

**{¶2}** Nathaniel Williams, individually and as the administrator of the estate of Na'Taun Montrell Williams, has brought a wrongful-death action against ODRC. Williams's case arises from the death of Na'Taun Montrell Williams, who, at the time of his death, was an inmate at Ross Correctional Institution (RCI). Williams died after another inmate, Carl Hall, stabbed Williams during a fight between Williams and Hall on June 27, 2011.

**{¶3}** On February 22, 2016, Nathaniel Williams, through counsel, sued ODRC, alleging wrongful death based on negligence and "intentional tortious conduct." The court appointed Robert Van Schoyck, an attorney admitted to practice in Ohio, as a magistrate in the cause without limitation of authority specified in Civ.R. 53(C). In its entry of appointment, the court stated that "Civ.R. 53 shall govern the proceedings and

the decision of the magistrate" and that objections to the magistrate's decision, if any, "shall be filed as provided in Civ.R. 53(D)(3)(b)."

{¶4} The court, through an order issued by Magistrate Van Schoyck, bifurcated issues of liability and damages for trial. Upon ODRC's motion for judgment on the pleadings, the court granted in part and denied in part ODRC's motion. On October 16-17, 2017, Magistrate Van Schoyck conducted a trial on the issue of liability. In a decision issued on April 27, 2018, Magistrate Van Schoyck found that "plaintiff failed to prove his claim by a preponderance of the evidence." (Magistrate's Decision, 28.) And Magistrate Van Schoyck recommended judgment in favor of ODRC. (Magistrate's Decision, 28.)

{¶5} After Magistrate Van Schoyck issued his decision, the parties submitted the following filings to the court:

(1) objections filed on May 25, 2018, by Nathaniel Williams to Magistrate Van Schoyck's decision of April 27, 2018;

(2) a motion filed on June 4, 2018, by ODRC that is labeled "Defendant's Motion For Leave Instanter To File Response To Plaintiff's Objections To Decision Of The Magistrate";

(3) a response filed on June 4, 2018, by ODRC that ODRC contemporaneously filed with its motion for leave instanter;

(4) a motion filed on June 6, 2018, by Nathaniel Williams that is labeled "Plaintiffs' [sic] Motion For Leave To File Reply To Defendant's Response to Plaintiffs' [sic] Objections To Decision of The Magistrate *Instanter*";

(5) a reply filed on June 6, 2018, by Nathaniel Williams that Williams filed contemporaneously with a motion for leave instanter.

## II. Determination regarding the parties' motions instanter.

{¶6} ODRC has moved instanter for leave to file a response to Nathaniel Williams's objections and, without leave, ODRC has filed a response. Williams has

moved instanter for leave to file a reply in support of his objections and, without leave, Williams has filed a reply. ODRC asserts: "While Civ.R. 53 does not permit a party to file a response to another party's objections to a magistrate decision and recommendation, neither does the rule prohibit a such response. Likewise, this Court's Rules and Local Rules do not specifically grant a response, but do not explicitly prohibit such a response. Therefore, it appears that this Court has discretion to allow a response when appropriate." Williams raises a similar argument in support of his motion instanter for leave to file a reply. The court is not persuaded by ODRC's or Williams's interpretations of the relevant rules. However, as discussed below, the court agrees to accept ODRC's response and Williams's reply.

{¶7} Pursuant to R.C. 2743.03(D), the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter." Civ.R. 53(D)(3)(b) pertains to objections to a magistrate's decision. According to Civ.R. 53(D)(3)(b)(i), a party "may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed." Under Civ.R. 53(D)(3)(b)(i), objections to a magistrate's decision are expressly permitted. But, under Civ.R. 53(D)(3)(b)(i) a response to another party's objections to a magistrate's decision and a reply in support of a party's objections to a magistrate's decision are not expressly authorized. And a review of Civ.R. 53 discloses no provision contained in Civ.R. 53 that expressly authorizes the filing of a response to another party's objections to a magistrate's decision or the filing of a reply in support of a party's objections.

{¶8} Additionally, the Local Rules of the Court of Claims (L.C.C.R.) do not expressly authorize a party to file a response to a party's objections to a magistrate's decision or a reply in support of a party's objections to a magistrate's decision. *See*

L.C.C.R. 4(C) (permitting a party to file a brief in opposition to a motion); L.C.C.R. 4(C) (reply briefs or additional briefs "may be filed only upon a showing of the necessity therefor and with leave of court"); L.C.C.R. 24(B)(1) (reparation appeals) (permitting a party to file written objections within fourteen days of the filing of a magistrate's decision and permitting any other party to file objections not later than ten days after the first objections are filed).

{¶9} The court is cognizant that Ohio case law recognizes that Ohio trial courts have discretion to consider motions instanter. *See Howell v. City of Canton*, 5th Dist. Stark No. 2007CA00035, 2008-Ohio-5558, ¶ 11 (a decision to grant or deny leave to file a motion instanter "rests in the trial court's discretion"); *Eady v. E. Ohio Gas*, 9th Dist. Summit C.A. No. 19598, 2000 Ohio App. LEXIS 1963, at *7-8 (May 10, 2000) (applying an abuse-of-discretion standard of review to a trial court's decision to deny a motion for leave to file an answer instanter during a hearing). And Ohio case law also recognizes that a trial court has discretion to consider a filing that is appended to a motion instanter. In *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, 908 N.E.2d 495, ¶ 70-71 (7th Dist.), the Seventh District Court of Appeals stated:

> One of the functions of an instanter motion is to allow the motion filed simultaneously therewith to be accepted as filed without further action by the movant; otherwise, the party would merely ask for leave to file in the future without filing the motion at the same time or seeking instanter leave.
>
> Even where a motion is merely attached to the instanter motion rather than separately filed, courts have held that a trial court is within its discretion to consider a pleading that is properly attached to a motion for leave to file instanter.

In this instance, because under Ohio case law a trial court has discretion to consider motions instanter and filings that are appended to such motions, because no party has opposed the other party's motion for leave instanter or the filing attached to the other party's motion for leave instanter, and because it does not appear to the court that

prejudice will result if the parties' motions for leave instanter are granted and the filings attached to the motions instanter are accepted, the court GRANTS the parties' motions for leave instanter and accepts the filings attached to the motions for leave instanter.

### III. Nathaniel Williams's written objections to the magistrate's decision are not well-taken.

{¶10} Nathaniel Williams presents this court with written objections to Magistrate Van Schoyck's decision. Civ.R. 53(D)(3)(b)(ii) provides: "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." And, according to Civ.R. 53(D)(3)(b)(iii): "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Here, according to the court's docket, a transcript of the proceedings held on October 16-17, 2017 has been filed.

{¶11} Civ.R. 53(D)(4) governs a court's action on objections to a magistrate's decision. According to Civ.R. 53(D)(4)(a), a magistrate's decision "is not effective unless adopted by the court." Pursuant to Civ.R. 53(D)(4)(d), if one or more objections to a magistrate's decision are timely filed, the court "shall rule on those objections." Here, upon Williams's motion, the court permitted Williams to file objections to the magistrate's decision on or before May 25, 2018. And on May 25, 2018, Williams filed written objections to the magistrate's decision. Williams's objections are thus timely filed.

{¶12} According to Civ.R. 53(D)(4)(d), in ruling on objections, a court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." When this court independently reviews objections to a magistrate's decision, this court may give weight to a magistrate's assessment of witness credibility in view of a

magistrate's firsthand exposure to the evidence. *See Siegel v. Univ. of Cincinnati College of Medicine*, 2015-Ohio-441, 28 N.E.3d 612, ¶ 12 (10th Dist.) ("'Although the trial court may appropriately give weight to the magistrate's assessment of witness credibility in view of the magistrate's firsthand exposure to the evidence, the trial court must still independently assess the evidence and reach its own conclusions.' *Sweeney v. Sweeney*, 10th Dist. No. 06AP-251, 2006-Ohio-6988, ¶ 15, citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 233, 590 N.E.2d 886 (10th Dist.1990)"). Thus, in this instance, the court properly may give weight to the magistrate's assessment of the credibility of the testimony of the parties' witnesses and other evidence before the court.

{¶13} Williams asks the court to rule on these objections:

1. "The Magistrate's Finding That Defendant Did Not Have Sufficient Notice, Actual or Constructive, To Be Liable For Williams' Death is Contrary to the Greater Weight of the Evidence." (Objections, 9.)

2. "The Magistrate Erred in Finding That Any Contributory Fault Would Be Greater In Degree Than Any Fault Attributable to Defendant." (Objections, 12.)

## A. Williams's First Objection

{¶14} Williams's first objection presents the court with this issue: whether the magistrate's finding—namely, that ODRC did not have sufficient actual notice or constructive notice so as to impute liability on ODRC for the death of Na'Taun Williams—is supported by the greater of weight of the evidence. In his decision, the magistrate stated:

> The greater weight of the evidence establishes that defendant did not have sufficient notice, actual or constructive, to be liable for the fatal injuries that [inmate Na'Taun Williams] sustained. *There is no credible evidence* that [inmate Carl Hall] ever threatened to harm Williams, much less that Williams or anyone else told prison staff that one or the other was in danger. Williams was the one perpetuating the dispute, and to notify staff of a problem would effectively have been to reveal his own misconduct in attempting to extort payment from Hall under a threat of

violence. When investigating the injury Hall sustained on May 24, 2011, [Lieutenant Joey Powers] specifically asked Williams about any involvement he had with Hall, but Williams lied and denied having anything to do with Hall.

(Emphasis added.) (Magistrate's Decision, 23.) In accordance with *Siegel* at ¶ 12, this court finds that, in view of Magistrate Van Schoyck's firsthand exposure to the evidence, Magistrate Van Schoyck's assessment of the credibility of the evidence before him should be given weight.

{¶15} In *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), discussing the concept of weight of the evidence, the Ohio Supreme Court stated: "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's, *supra*, at 1594." *Thompkins* further states that, when an appellate court reverses a trial court's judgment on the basis that a verdict is against the manifest weight of the evidence, the appellate court

sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S. Ct. at 2218, 72 L. Ed. 2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App. 3d 172, 175, 20 Ohio B. Rep. 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Thompkins* at 387. Since the Ohio Supreme Court issued *Thompkins*, the Ohio Supreme Court has recognized that the *Thompson* standard of review for manifest weight of the evidence applies in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23.

{¶16} Upon the court's independent review of the record before it, the court agrees with the magistrate's determination that no credible evidence is in the record to support a conclusion that inmate Carl Hall threatened to harm Na'Taun Williams or that Williams or anyone else told prison staff either Hall or Williams was in danger. The court determines that the magistrate did not lose his way when he determined that Williams failed to prove by a preponderance of the evidence that ODRC did not have sufficient notice—actual or constructive—to be liable for the fatal injuries that Na'Taun Williams sustained. And the court further determines that the magistrate's decision relative to the issue of actual notice and constructive notice is not against the manifest weight of the evidence.

{¶17} The court holds that Williams's first objection should be overruled.

### B. Williams's Second Objection

{¶18} Williams's second objection presents the court with this issue: whether the magistrate erred when he found that any contributory fault would be greater in degree than any fault attributable to ODRC. In the magistrate's decision, the magistrate stated:

> Finally, although the magistrate sympathizes with the loss suffered by Williams' family, even if plaintiff had proven some negligence on the part of defendant, Williams' contributory fault would be greater in degree than any fault attributable to defendant, thus barring plaintiff from recovering damages. *See* R.C. 2315.33. Having already battered Hall once before and then making repeated, extortionary threats of further violence, it was Williams who followed through and launched an attack upon Hall on June 27, 2011. Plainly, Williams prompted and could have reasonably avoided the altercation. By failing to do so, he did not exercise reasonable care for his own safety. In [*Williams v. Southern Ohio Correctional Facility*, 67 Ohio App.3d 517, 526, 587 N.E.2d 870 (10th

Dist.1990)], an inmate, Williams, had an ongoing dispute with another inmate, Lorraine. Williams approached Lorraine's cell and attempted to strike Lorraine, and in the altercation Williams was allegedly poked in the eye and injured. It was held that Williams was contributorily negligent by choosing to put himself within reach of Lorraine and attempting to strike Lorraine. Here, inmate Williams was contributorily negligent in pressuring, threatening, and attacking Hall.

(Magistrate's Decision, 27-28.)

{¶19} In this instance, when the magistrate addressed the issue of Williams's contributory negligence, the magistrate seems to have determined that Williams failed to prove negligence as evidenced by language used in the decision: "*even if plaintiff had proven some negligence on the part of defendant*, [Na'Taun] Williams's contributory fault would be greater in degree than any attributable to defendant * * *." (Emphasis added.) Because the magistrate determined that Williams failed to prove some negligence on the part of ODRC, the magistrate's determination regarding Williams's contributory negligence seemingly is unnecessary. *See generally State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 135 Ohio St.3d 416, 2013-Ohio-1532, 988 N.E.2d 546, ¶ 25 (discussing principle of judicial restraint). And because, when the magistrate discussed the issue of contributory negligence, the magistrate already had determined that Williams failed to sustain his burden of proving negligence by ODRC, the magistrate's contributory-negligence determination essentially is moot or academic. *See State v. Carr*, 5th Dist. Stark No. 2014CA00200, 2015-Ohio-1987, ¶ 11 ("Black's Law Dictionary (8 Ed.Rev.2004) 1029 defines 'moot' as, among other things, '[h]aving no practical significance; hypothetical or academic'"). The court finds that in this instance the magistrate's contributory-negligence discussion fails to be substantially prejudicial.

{¶20} Additionally, evidence submitted by plaintiff shows that plaintiff's expert, Roy T. Gravette, conceded that Na'Taun Williams could have avoided the altercation of June 27, 2011. During a deposition, when plaintiff's counsel inquired of Gravette,

whether, in Gravette's professional opinion, he agreed with a view that Na'Taun Williams could have avoided the altercation of June 27, 2011 that led to Na'Taun Williams's death, Gravette testified, "Yes, he could have avoided it." (Plaintiff's Exhibit 28, Deposition of Roy T. Gravette, 93.) Thus, the plaintiff's expert appears to hold a professional opinion that is consistent with the magistrate's view that "Williams * * * could have reasonably avoided the altercation."

{¶21} Upon independent review, the court does not find that the magistrate erred when he considered risks taken by Williams, which the magistrate considered to be unjustified, alongside ODRC's purported negligence. The court determines that Williams's second objection should be overruled.

## IV. Conclusion

{¶22} Accordingly, for reasons set forth above, the court holds that Williams's objections should be overruled. Because Magistrate Van Schoyck has properly determined the factual issues and appropriately applied the law, the court determines that Magistrate Van Schoyck's decision of April 27, 2018 should be adopted.

PATRICK M. MCGRATH
Judge

[Cite as *Williams v. Dept. of Rehab. & Corr.*, 2018-Ohio-3604.]

| | |
|---|---|
| NATHANIEL WILLIAMS, ADMR., etc. | Case No. 2016-00125JD |
| Plaintiff | Judge Patrick M. McGrath |
| | Magistrate Robert Van Schoyck |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶23}** On April 27, 2018, a magistrate issued a decision recommending judgment for defendant. Plaintiff timely filed objections to the magistrate's decision.

**{¶24}** Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. The court OVERRULES plaintiff's objections and adopts the magistrate's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed August 15, 2018**
**Sent to S.C. Reporter 9/7/18**